## MUTUAL RESERVE FUND LIFE ASSOCIATION *v.* STEPHENS *et al.*

This case is controlled by the decision rendered in *Reese* v. *Fidelity Association*, 111 *Ga.* 482, the principle of which was followed in *Mutual Life Ins. Co.* v. *Clancy*, Id. 865.

Submitted March 1, — Decided April 3, 1902.

Action on insurance policy. Before Judge Nottingham. City court of Macon. May 20, 1901.

*C. L. Anderson* and *Anderson & Grace*, for plaintiff in error.
*T. W. Hardwick* and *Wimberly & Ellis*, contra.

LUMPKIN, P. J. This was an action upon a policy of life-insurance. Among other stipulations embraced therein were the follow-

ing: "This contract shall not take effect until this policy is delivered to the member in person, during his lifetime and while in good health, nor until the first payment is paid in cash hereon, while said member is also in good health. No contract, alteration, or discharge of contracts, waivers or forfeitures, nor granting of permits or credits shall be valid, unless the same shall be in writing, signed by the president or vice-president, and one other officer of the association." In the 7th paragraph of the petition as originally filed it was alleged "that the terms and conditions of said policy have been complied with on the part of said insured and your petitioners." When the case came on for trial, the plaintiffs filed an amendment of which the following is a copy: "And now come the plaintiffs in the case above stated, and by leave of the court amend paragraph 7 of said petition as follows: Plaintiffs allege, as a compliance with the provisions of the policy sued upon, which requires the payment in cash of the first premium during the good health of the insured, the following facts: On or about November 20th, 1899, the insured was induced to apply for said policy of insurance by one George White, who was acting as agent for the defendant, and who at that time took from said insured his promissory note for the amount of the first premium on the policy to be issued under said application, representing to said insured that it would be all right for him, the insured, to give a note in payment of said first premium, and, afterwards, to wit, on or about the 22nd day of December, 1899, said White, who was still the agent of defendant, delivered to said insured the policy of insurance sued on, without reading the same over to the insured or explaining to him the provisions and requirements of said policy; on the contrary said White still represented to the insured that the policy was all right and that it would be all right for him, the said White, to keep said note until he could collect the same from Mr. L. C. Stephens, who had agreed with White that he would pay this note. Plaintiffs further aver that the insured was an ignorant and unlettered man, who was entirely unable, or at all events scarcely able, to read writing; that the insured was unacquainted with business and unaccustomed to entering into contracts in writing; all of which facts were during this time well known to said White; and that the conduct of said White in first taking a promissory note for this premium and then delivering to said insured, without reading or without explaining

the same, a policy which prohibited such transaction, amounted, under these circumstances, to a fraud upon said insured; and that by reason of this fraudulent conduct of its said agent, the defendant has changed, altered, and waived the aforesaid provision in the policy sued upon, and has become liable to the plaintiffs thereon. Plaintiffs further allege that a part of said premium was paid in cash by the applicant at the time said note was given, and that said note, which represented the balance of said premium, was paid to the agent of defendant on or about the 25th day of December, 1899."

The defendant then demurred to the petition as amended; its demurrer was overruled, and it excepted. The demurrer ought to have been sustained. This case falls squarely within the decision rendered by this court in *Reese* v. *Fidelity Association*, 111 *Ga.* 482, which was followed in *Mutual Life Insurance Co. of Ky.* v. *Clancy*, Id. 865. The present case is not distinguishable from that first cited, either because of the alleged ignorance of the insured of the contents of the policy, or because he was induced to apply for and accept the same by the false and fraudulent representations made to him by White, the local agent of the association. If, within a reasonable time after receiving the policy, the insured had discovered the fraud which had been practiced upon him, and had without needless delay offered to rescind the contract on the ground of fraud, the case would be entirely different. Under such circumstances, the fraud of the agent would constitute a good defense against an action upon the promissory note which had been given for the premium. See *Jones* v. *Gilbert*, 93 *Ga.* 604. Here, however, there was no effort to rescind. On the contrary, the insured retained the policy until he died, and the present action is based upon it. One who brings an action on a contract can not repudiate a portion of it and insist upon the enforcement of another portion which inures to his benefit. No argument is necessary to establish this time-honored rule of the law. The amendment seeks to hold the association liable upon an alleged waiver which, by the express terms of the policy, the agent in question had no power to make.

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*