### BROWN *v.* MUTUAL BENEFIT LIFE INSURANCE CO.

1. Where a policy of life insurance provided on its face that "This policy does not take effect until the first premium shall have been actually paid during the lifetime of the insured; nor are agents authorized to make, alter, or discharge this or any other contract in relation hereto, or to waive any forfeiture hereof," such a policy did not take effect before the payment of the first premium, although the agent who issued it stated to the father of the insured, who called to see him while the son was sick, that he (the father) might pay the premium at a later date.

2. Where under such facts the son died before the payment of the first premium, in a suit on the policy of insurance a nonsuit was properly granted.

Submitted January 14,—Decided July 15, 1908.

Action upon insurance policy. Before Judge Fite. Whitfield superior court. April 8, 1907.

*R. J. & J. McCamy,* for plaintiff. *W. C. Martin,* for defendant.

LUMPKIN, J.   Mary E. Brown brought suit against the Mutual Benefit Life Insurance Company of Newark, New Jersey, on an insurance policy upon the life of her son, Frank Brown, in which she was named as the beneficiary in case of his death.   This policy contained the clause stated in the first headnote.   Both the mother and son read it; and the father of the deceased testified that on the day when the son died, the wife of the witness called the attention of the latter to the fact that their son was worrying because his premium was not paid.   Evidence was introduced to show that on the same day the father went to the office of the agent of the company, at the instance of his wife, to see if the premium had been paid; that he asked the agent if he had the policy, and was informed that his son had it; he then asked if the premium had been paid, and was informed that it had not.   He told the agent that he wanted to pay the premium, and remarked that the agent was at that time very busy, and that he (the father) did not have quite money enough in his safe to pay the premium, but would have it and would pay it that day.   The agent assured him that it was all right.   He then told the agent that the son was sick, but he did not think that the illness was dangerous; yet that he desired the premium to be paid; and was assured that it would be all right to pay it either that day or the following Monday.   He ascertained the amount, and left without paying it, but stated that he would do so that afternoon.   He did not think that his son was in a condition to cause alarm, but on arriving at home found that his son was much worse.   His wife asked him to look over the policy and attend to it.   While he was examining it the son died.   Shortly after the death of the son his mother sent his brother to see "what shape his insurance was in."   He carried the policy with him and asked the agent if the deceased had paid anything, to which the agent replied in the negative.   He took the policy out of his pocket, and after examining it the agent laid it on the desk where it was left, the brother of the deceased not thinking anything more about it until the following Monday, when he was asked about it by his father.   He did not go to the office to surrender it, but just left it on the agent's desk.

The policy in terms provided that it should not take effect until after payment of the first premium.   The first payment was never paid or tendered during the lifetime of the deceased.   The agent

was not shown to have been one authorized to waive this condition precedent in the policy. The case is controlled by *Reese* v. *Fidelity Mutual Life Assn.*, 111 *Ga.* 482 (36 S. E. 637); *Mutual Reserve Fund Life Assn.* v. *Stephens,* 115 *Ga.* 192 (41 S. E. 679). See also *Lippman* v. *Ætna Ins. Co.,* 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62). There was no extension of credit by the agent with the assent of the company, express or implied; nor was the agent shown to be a general agent; and the policy contained an express provision making payment a condition precedent, and prohibiting waivers by agents. It thus differs widely from *Fireman's Fund Ins. Co.* v. *Pekor,* 106 *Ga.* 1 (31 S. E. 79), and *Mechanics* and *Traders Ins. Co.* v. *Mutual Real Est. & B. Assn.,* 98 *Ga.* 262 (25 S. E. 457). Nor was this a case of knowledge of an existing fact by an agent issuing a policy, as in the case of *Johnson* v. *Ætna Insurance Company,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92).

*Judgment affirmed. All the Justices concur.*