### 17134.   HOME INSURANCE COMPANY *v.* SWANN.

A written application for fire-insurance, duly signed by the applicant, and providing that "This company shall not be bound by any act done or statement made by or to any agent, or other person, which is not contained in this, my application," can not, in the absence of proof of fraud, accident, or mistake, be varied or added to by testimony of the applicant as to an oral agreement between him and the insurer's agent.

DECIDED MAY 12, 1926.

Complaint; from city court of Blakely—Judge Sheffield. January 18, 1926.

*Lowrey Stone,* for plaintiff.    *C. L. Glessner,* for defendant.

LUKE, J.   The Home Insurance Company of New York sued J. W. Swann upon his promissory note, the consideration of which was two insurance policies, one fire and the other storm. This court held that two defenses to the suit were good as against general demurrer (*Home Ins. Co.* v. *Swann,* 34 *Ga. App.* 19, 128 S. E. 70), and a trial was had upon those two defenses. The jury found for the defendant, and the company excepted.

---

Evidence, 22 C. J. p. 1256, n. 68.

The defendant pleaded that he signed the note given for the policy "upon the express understanding and agreement with . .. Tarver, as the agent of the plaintiff, that said note should be forthwith returned to this defendant, in the event said company did not accept said application for insurance and issue and deliver to the defendant a policy of insurance covering said property in the respective amounts aforesaid." No special demurrer to the plea was filed at any time, but the plaintiff objected when the following testimony of the defendant was offered to prove it: "Tarver at the time agreed to have the policies of insurance applied for issued and delivered to me, if the application was accepted by the company. It was agreed at the time, between Tarver and myself, that if the company did not accept the application, my notes were to be returned to me." The plaintiff objected to this evidence because, without proof of fraud or mistake, it would vary, add to, and modify the written application of insurance signed by the applicant, which contains the following provision: "This company shall not be bound by any act or statement made by or to any agent, or other person, which is not contained in this, my application." Neither the premium note, nor the application, nor the policies provided that the policies should be delivered to the applicant. They were all entirely silent as to delivery. A full statement of the pleadings may be seen in the report of the case in 34 *Ga. App.* 19 (128 S. E. 70). In view of the fact that another trial of this case is likely to be had, we shall content ourselves with saying that in our opinion the jury could have decided the issue either way, and that, since the evidence never demanded the verdict for defendant, it is extremely probable that the allowance of the said testimony was harmful to the plaintiff's case. The objection was well taken, and the admission of said testimony was reversible error.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*