### 17173.　TARVER *v.* SWANN.

STEPHENS, J. 1. Where, accompanying an application to an insurance company for a policy of fire insurance, the applicant executes a series of notes for the premium, one of which is payable to the soliciting agent of the company who procured the application, and the others of which are payable to the company, the consideration for all the notes, including the note payable to the agent, is the acceptance of the application and the issuance of the policy. Upon the acceptance of the application by the company and the execution of a valid and binding contract of insurance, the applicant's obligation upon the note payable to the soliciting agent will be determined by the terms and conditions of the contract as expressed in the application and the policy.

2. Where an insurance company has accepted an application for insurance and has issued the policy, actual delivery of the policy to the applicant is not essential to the consummation of a contract of insurance, unless such a delivery is expressly provided for in the application or the policy. Civil Code (1910), § 2470; *New York Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134). Where both the application and the policy are silent as respects actual delivery of the policy being essential to a consummation of the contract, the contract becomes consummated upon the retention by the company of the notes and the issuance of the policy and mailing it to its local agent for delivery to the applicant.

3. Where an application for insurance, which, upon the consummation of the contract of insurance, became a part of the contract, provided that the company should "not be bound by any act done or statement made by or to any agent, or other person, which is not contained in this application," an agreement not contained in the application or the policy, made between the applicant and the local agent, when the application and notes were signed, to the effect that the contract of insurance would not be consummated until actual delivery of the policy to the applicant, and that upon failure to make such actual delivery the applicant would not be bound upon the notes, did not become part of the contract. Upon the trial of a suit brought against the applicant by the agent, to recover upon the note payable to the agent, it was error to admit in evidence the testimony of the applicant that it was agreed between him and the local agent that if the insurance company accepted the application, the policy would be delivered to the applicant,

Evidence, 22 C. J. p. 1256, n. 67, 68.

Fire Insurance, 26 C. J. p. 58, n. 83; p. 59, n. 92; p. 114, n. 23; p. 522, n. 37.

and that if the company did not accept the application, the notes signed by the applicant would be returned to him. *Home Ins. Co. of New York* v. *Swann*, 35 *Ga. App.* 358 (133 S. E. 280).

4. A verdict having been found for the defendant, the trial court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1927.

Appeal; from Early superior court—Judge Yeomans. January 30, 1926.

*Lowrey Stone*, for plaintiff.     *C. L. Glessner*, for defendant.