38215.   SADDLER v. COTTON STATES LIFE & HEALTH INSURANCE COMPANY.

DECIDED JUNE 21, 1960.

868

J. Robert Smith, for plaintiff in error.

Memory, Barnes & Memory, S. F. Memory, Jr., contra.

FELTON, Chief Judge. The insurance application attached to the petition provides: "(1) The company shall incur no liability under this application until it has been received and approved, a policy has been issued and delivered, and the full first premium specified in the policy has been actually paid to and accepted by the company while health, habits and occupation of the proposed insured, wife and dependent children remains as described in this application in which case the policy shall be deemed to have taken effect on the policy date." The petition alleges that the policy was issued by the company but shows on its face that such policy was not delivered to the insured at any time, but that defendant's agents represented to the insured that delivery of the policy would be made when an additional premium was paid in the latter part of July or the first of August, 1958. "The acceptance of the application by the insurance company and the issuance of a policy thereunder and a delivery of the policy to the local agent of the company, to be unconditionally delivered to the assured, completes the contract as of the time of such delivery. It is otherwise where such delivery to such agent is not unconditional and there yet remains something for him to do before delivery, such as collection of premium or an inspection of the applicant, to determine whether there has been a change in health since the date of the application. Such a delivery being conditional, the contract, when it is so provided, is not complete." Pierce v. Life Ins. Co. of Va., 50 Ga. App. 337 (3) (178 S. E. 189). Assuming that the policy in question had been sent to the local agent for delivery to the insured, the petition shows that there yet remained something for the agent to do before delivery and the contract of insurance was therefore incomplete at the time of the death of the plaintiff's husband.

The allegations that the agents represented to the applicant that his insurance coverage was in full force and effect from the date of the applicaton and that such agents had authority to make such representations are mere conclusions of the pleader in view of the following provisions of the application: "It is agreed that . . . (2) Only the president, a vice-president, secretary or an assistant secretary of the company can make, modify or discharge contracts or waive any of the company's rights or requirements and then only in writing. No statement, representation or promise made by any other person shall be binding upon the company." In *New York Life Ins. Co. v. Patten*, 151 Ga. 185, 187 (106 S. E. 183) the Supreme Court held that express limitations on the power of the soliciting agent who received the application for insurance were valid and further stated: "Manifestly, a life-insurance company may define and limit the power of a mere soliciting agent; and one dealing with such agent can not set up a waiver which he knew the agent had no power to make." See also cases stated in *Maddox v. Life & Casualty Ins. Co.*, 79 Ga. App. 164, 173 (53 S. E. 2d 235).

It is true that the petition further alleges that the applicant did not read the application, which was filled out by the agent of the defendant who did not offer the same to him to read but only showed him the place for his signature. "One who signs a written document without reading it, unless prevented from doing so by some fraud or artifice, which is not alleged here, is chargeable with knowledge of its contents." *Musgrove v. Musgrove*, 213 Ga. 610 (3) (100 S. E. 2d 577).

The only cause of action which could possibly be asserted would be one based on a receipt executed by the insurance agent at the time of the applicaton and there is no allegation that such a receipt was given or what coverage was granted under the terms of such a receipt. This conclusion is based on the following provision of the policy application: ". . . However, if the full first premium specified in the application on the policy applied for is paid on the date of this application and the receipt bearing the same serial number as this application is issued to the proposed insured, then the liability of the company shall be as stated in the receipt."

Another condition precedent to recovery in this case was never met in that the first full premium specified in the policy was not paid by the applicant (as provided for in the application), and the policy was not delivered prior to the applicant's death. Not only must the full premium specified in the policy be paid and accepted when the application so provides, as in this case, but any agreement or representations by unauthorized agents that the premium might be paid at a later date were not binding in view of the limitations placed on the agent's authority in the application. *Brown v. Mutual Benefit Life Ins. Co.*, 131 Ga. 38 (1) (61 S. E. 1123); *Mutual Reserve Fund Life Assn. v. Stephens*, 115 Ga. 192 (41 S. E. 679).

Since the petition fails to allege a payment of the full premium specified in the policy or delivery of the policy in accordance with the requirements of the application, it shows on its face that the alleged contract of insurance was not completed so as to render the defendant liable thereon and is subject to general demurrer.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, Nichols and Frankum, JJ., concur. Bell, J., concurs specially.*

BELL, Judge, concurring specially. While I am reluctantly constrained to concur with the majority opinion because of its clarity coupled with the weight and present appropriateness of the authorities which it cites, it is my conviction that in cases such as this the better legal holding would be that the insurance companies, rather than the public, should be held responsible for the misrepresentations of insurance agents which may be made by them in their eagerness to sell insurance policies. In this varied and highly technical field, so vital to the public interests that it has been deemed advisable and necessary by the legislative authorities of this and many other States to regulate it and supervise it, it seems inappropriate to me for small print in an application for insurance, often not read by the applicant or even offered to him to be read as alleged in the petition before us, to take solemn legal precedence over the representations and inducements of insurance agents, who, after all, are selected solely by the companies for the purpose of selling insurance, and who, the companies in effect assert, are

properly trained and qualified to advise the individual as one seeks to provide for family and to protect property through means of insurance.