43604.   UNIVERSAL AMERICAN LIFE INSURANCE COMPANY v. FINANCE CORPORATION OF AMERICA.

SUBMITTED MAY 7, 1968—DECIDED JUNE 12, 1968—
REHEARING DENIED JULY 10, 1968—

*L. D. Skaggs*, for appellant.

*Guy B. Scott, Jr.*, for appellee.

QUILLIAN, Judge. Obviously, the clause of the policy requiring the assignment of the loan to be filed in the office of the defendant is repugnant to the provisions of the Credit Insurance Act of Georgia, *Code Ann. Ch.* 56-33. *Code Ann.* § 56-3302 (3) (Ga. L. 1960, pp. 289, 743) reads in part: " 'Creditor' means the lender of money . . . or any successor to the right, title or interest of any such lender." Another part of the Act, *Code Ann.* § 56-3306 (2) (Ga. L. 1960, pp. 289, 745) reads: "Each individual policy . . . shall state that the benefits shall be paid to the creditor to reduce or extinguish the unpaid indebtedness and, wherever the amount of insurance may exceed the unpaid indebtedness shall state that any such excess shall be payable to a beneficiary, other than the creditor, named by the debtor or to his estate."

The Act, as this court held in *Pioneer Homeowners Life Ins. Co. v. Hogan*, 110 Ga. App. 887 (140 SE2d 212), was passed for the benefit of the insured borrower, who pays the premium for the policy, as well as the creditor who makes the loan or extends the credit and the original creditor's successors. *Code Ann.* §§ 56-3302 (3) and 56-3306 (2) clearly provide that the transferee of the loan becomes the creditor entitled, upon the death of the insured, to the proceeds of the policy necessary to pay the amount due upon the loan. Under the statutes, no change in the creditor beneficiary originally designated in the policy or notice of the transfer to the insurance company is necessary to effect a valid transfer of the loan.

Judgment for the plaintiff was demanded.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*