43863. BROOME v. MUTUAL OF OMAHA INSURANCE COMPANY.

WHITMAN, Judge. The plaintiff below, Louise M. Broome, appeals from an order granting a motion for summary judgment

by defendant, Mutual of Omaha Insurance Co., to plaintiff's action to recover under a policy of disability insurance.

From the pleadings and affidavits before the trial court it appears that the plaintiff applied for a particular policy of disability insurance on June 17, 1965, and was notified on July 19, 1965, by letter, as follows:

"[Y]our policy has been issued relying upon the information contained in your application. A photocopy is attached and is made a part of the policy.

"It is very important to you—and to us—that your application contains complete and accurate information. Enclosed is a photocopy of your application and we ask that you review it carefully and if incomplete in any respect provide us with any additional information. Factual and well-defined answers to all of the questions now will prevent misunderstandings at a later date.

"Please complete and sign the appropriate spaces provided below, and return to us in the enclosed envelope. It is not necessary to return the photo. We sincerely appreciate the confidence you have expressed in our company and the courtesies you extended to our representative.

"Your prompt cooperation will be genuinely appreciated.

"Sincerely [s] W. M. Moss, Assistant Vice President and Chief Underwriter."

The form referred to in the above letter was completed by plaintiff and returned to defendant. The form and the action taken by the plaintiff thereon is as follows:

"It is necessary to check only one: (X) I reviewed the application and find the answers to be correct and complete. ( ) The application appears correct except as follows _____. Signature [s] Louise M. Broome."

Plaintiff has timely paid all annual premiums coming due since the policy was issued.

It further appears that defendant, *after having confirmed the issuance of the policy,* recalled the policy which it had forwarded to its agent in Macon, Ga., and altered or revised the policy by adding an elimination endorsement or rider relating to certain diseases and conditions and then returned the policy to its agent for delivery to the plaintiff. There is no contention or evidence that plaintiff ever misled defendant

or misrepresented her physical condition in her application or otherwise. The medical report which induced defendant to rider plaintiff's policy was obtained from a physician to whom plaintiff had made reference in her application.

There is no evidence conflicting with plaintiff's statement that she never received her policy after she was notified it had been issued. Defendant states only that it delivered the ridered policy to its agent in Macon for delivery to the plaintiff. There is no evidence as to what the agent did thereafter.

Plaintiff states that she requested her policy from defendant after it unequivocally denied liability under her disability claim and received a document styled and designated a "duplicate policy" which contained the qualified coverage or rider above mentioned, and that this document was her first knowledge that defendant had changed or desired to change the policy. *Held:*

1. The above facts do not support defendant's contention that a policy of disability insurance was never effected because there was never a meeting of minds. The plaintiff made a simple offer to purchase a particular policy of disability insurance (Program A-6AG2J) at a specified premium. By the terms of the offer, defendant could accept it by issuing the policy. The application plainly states: "[N]o insurance will be effected until the policy has been issued." Having received the offer, defendant was free to accept it or reject it and was totally free to investigate before doing either. A month later the defendant notified the plaintiff by mail that: "Your policy has been issued relying upon the information contained in your application. A photocopy is attached and is made a part of the policy." The parties were thus agreed. See *New York Life Ins. Co. v. Babcock,* 104 Ga. 67 (1) (30 SE 273, 42 LRA 88, 69 ASR 134). The defendant was to protect the plaintiff against disability under the insurance policy specified in the application for the specified premium. The policy could be renewed in accordance with its renewal provisions. Plaintiff was not misled. Defendant was not misled. Estoppel need not be considered.

The letter informing plaintiff that the policy had been issued has previously been set forth and, as will be seen by reference thereto, was not a conditional issuance in any respect. Plaintiff reaffirmed, as she was requested to do, that her application contained correct and complete information.

Defendant has not contended that it was induced to accept the offer and issue the policy because of any incomplete or misrepresented information in the application. The fact that the policy was not delivered or that plaintiff had not demanded delivery is of no consequence in the case. There was no agreement between the parties that delivery of the policy was essential to its validity. *New York Life Ins. Co. v. Babcock*, 104 Ga. 67 (2), supra; *Tarver v. Swann*, 36 Ga. App. 461 (137 SE 126). The insurer is obligated to deliver a policy within a reasonable time after its issuance. *Code Ann.* § 56-2421 (1) (Ga. L. 1960, pp. 289, 667).

2. The contract between the parties was executed. But even if the contract could be considered executory, defendant could not fulfill it by issuing a policy with different coverage from that applied for, unless the plaintiff in some manner assented thereto. Generally, the mutual assent of all parties to a contract is required to change the contract stipulations. *Bearden Mercantile Co. v. Madison Oil Co.*, 128 Ga. 59A (4) (58 SE 200); *Southern Feed Stores v. Sanders*, 193 Ga. 884 (3) (20 SE2d 413). Or if the alteration of the policy coverage be considered a counter offer by the defendant to be either accepted or rejected by the plaintiff, some knowledge thereof would be required by the plaintiff before any action by her could be considered as an acceptance or a rejection. The evidence before the court on summary judgment is lacking in this regard.

The plaintiff is entitled to maintain an action on the policy she offered to purchase and which offer the defendant accepted when it issued the policy without qualification. It was error to grant a motion for summary judgment for the defendant on the evidence presented and the grounds urged.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 3, 1968—DECIDED MARCH 10, 1969—
REHEARING DENIED MARCH 26, 1969.

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr.,* for appellant.

*Anderson, Walker & Reichert, Mallory C. Atkinson, Jr.,* for appellee.