## 53016. MATTHEWS v. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY.

Marshall, Judge.

Appellant Matthews, plaintiff below, appeals the grant of summary judgment to National Life and Accident Insurance Company. Matthews procured two

insurance policies from National Life, one a retirement policy under the Keogh plan and the other a decreasing term life policy. Matthews had an outstanding loan with a bank which demanded evidence of life insurance as collateral for the loan. Existing policies with a different insurance company were about to expire and Matthews undertook to obtain policies with National Life to replace the expiring policies. Matthews made application and paid the annual premiums on the two policies to a local agent of National Life. These applications and premiums were forwarded to National Life and the Keogh policy was issued on November 21, 1974, effective November 1, 1974, and the term policy was issued November 30, 1974, effective December 13, 1974. The issued policies were returned to the local agent for delivery to Matthews without any restriction. However for disputed reasons the two policies were not actually placed into the hands of Matthews until August, 1975. The bank being insistent upon insurance collateral, had pressed Matthews for evidence of such insurance. Matthews therefore early in 1975 renewed the policies with the other insurance company whose policies were already in the custody of the bank. Matthews claims the recovery of the two annual premiums plus attorney fees claiming that National Life was aware that Matthews needed the policies in hand as collateral for his loans with the bank and that the failure of National Life to deliver the policies of insurance into the custody of the bank or Matthews until August, 1975, constituted a breach of contract. The sole enumerations of error deal with the grant of summary judgment in behalf of National Life. *Held:*

The sole question for decision in this case is whether reasonable delivery of the policies in question was ever effected by the insurance company. If an unqualified delivery of an issued policy to the agent of the insurer constitutes delivery to the insured, the trial court properly concluded that grant of summary judgment was authorized in favor of the insurer. See *New York Life Ins. Co. v. Babcock,* 104 Ga. 67, 71 (30 SE 273); *Pierce v. Life Ins. Co. of Va.,* 50 Ga. App. 337, 342 (178 SE 189). The facts before the trial court clearly establish the application for insurance, payment of the first annual

premium, acceptance and approval of the policies by National Life, preparation and approval of the policies and the mailing of the policies to the local agent for unconditional delivery to the insured Matthews. There is no dispute that the policies were in force and that Matthews had the standard benefits flowing from coverage. See *Saddler v. Cotton States Life &c. Co.*, 101 Ga. App. 866, 869 (115 SE2d 398).

However, the fact remains that not only did Matthews contract for the issuance of life insurance policies, he was entitled to have evidence of performance of the contracts by National Life. This latter right is recognized by Ga. L. 1960, pp. 289, 667 (Code Ann. § 56-2421 (1)) which provides in pertinent part that "every policy shall be mailed or delivered to the insured . . . within a reasonable period of time after its issuance." Delivery to the insurer's agent does not furnish the insured with proof of coverage. We conclude that every contract for insurance includes, in addition to the requirements of reasonable risk imposed by the insurer prior to issuance of the contract, payment of the requisite premium by the insured, and issuance of the policy by the insurer, the additional act of delivery of the policy of insurance to the insured or other person entitled thereto within a reasonable period of time.

In this case there was a substantial question remaining before the trial court as to whether the nondelivery of the policy of insurance was the fault of the agent or the fault of the insured Matthews in not accepting delivery. The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736, 739 (123 SE2d 179). The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. United States v. Diebold, Inc., 369 U. S. 654, 655 (82 SC 993, 8 LE2d 176); *Lewis v. C & S Nat. Bank,* 139 Ga. App.

855, 860 (229 SE2d 765). In this case National Life was faced with disputed facts concerning at least one essential element (i.e., delivery of the policies to the insured) which must be resolved in its favor as a matter of fact and law before it is entitled to summary judgment. The trial court erred therefore in granting summary judgment to National Life. *Continental Assur. Co. v. Rothell,* 121 Ga. App. 868 (2) (176 SE2d 259); *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114).

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED FEBRUARY 7, 1977 — REHEARING DENIED FEBRUARY 24, 1977 —

*Gilberg, Baynard & Owens, Robert E. Baynard, Larry B. Owens,* for appellant.

*Landau & Davis, James V. Davis, C. Nathan Davis,* for appellee.