## 56579. GRISSETTE v. AMERICAN NATIONAL INSURANCE COMPANY.

Bell, Chief Judge.

Plaintiff sued to recover on a family life insurance policy for the death of plaintiff's son. The insurer denied

coverage. At the conclusion of plaintiff's evidence, the insurer's motion for directed verdict was granted. *Held:*

The undisputed facts show that plaintiff applied for a family life policy with defendant. In the application plaintiff proposed his family members for insurance coverage which included his son Timothy. This application contained this provision: ". . . the company is authorized to amend this application in the space 'Home Office Corrections and Amendments' except that no change in amount, classification, plan of insurance or benefits shall be effective unless agreed to in writing by the applicant;. . . ." The defendant after a review of the application deleted Timothy from coverage and a policy was issued with a specific provision in an attached modification of life insurance application rider that no coverage was provided on the life of Timothy. The rider which required plaintiff's signature was delivered to plaintiff's wife. The wife testified that she affixed her husband's signature to the rider without his consent. Thereafter Timothy died as a result of drowning. The plaintiff argues that since the plaintiff did not sign and thus did not consent to the modification rider, this will make out a prima facie case for recovery requiring the defendant to go forward with the evidence. This contention cannot be correct. Insurance is a matter of contract and the consent of all the parties is essential to complete the contract. *National Life &c. Ins. Co. v. Hamby,* 81 Ga. App. 463 (59 SE2d 278). The application listing Timothy as a proposed insured was nothing more than a simple offer to purchase an insurance policy. *Broome v. Mutual of Omaha Ins. Co.,* 119 Ga. App. 443 (167 SE2d 607). Defendant refused to accept this offer but made a counter offer by issuing a policy deleting Timothy as a covered person. If plaintiff did not sign and agree to this counter offer, then no insurance contract resulted. The application also plainly stated that no insurance would be effected until a policy has been issued. The evidence demanded a verdict for defendant and the direction of a verdict for defendant was proper.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 20, 1978 — DECIDED OCTOBER 25, 1978.

*Bush & Crowley, Richard A. Epps,* for appellant.
*Harris, Watkins, Taylor & Davis, Thomas F. Richardson,* for appellee.