## 58503. JOHNSON v. THE STATE.

UNDERWOOD, Judge.

Johnson was convicted in the Superior Court of Catoosa County of fraud in obtaining public assistance and Medicaid payments. He appeals, contending the trial court erred in overruling his motion for a new trial, which was based on the general grounds.

The evidence shows that in September 1975 Johnson applied through county social services personnel for benefits under the Aid to Families with Dependent Children program (AFDC). At the time he applied he was unemployed, without assets and had six children. His application was granted and he started receiving monthly checks in the amount of $199. At the time he applied for AFDC he also signed a document entitled "Your Responsibilities in AFDC." That document advised Johnson, among other things, that he was responsible for notifying his caseworker of any changes affecting his eligibility for AFDC, including notification if he got a new full time or part time job. He obtained a job with the C & W Electric Company in December, 1975 and worked two weeks that month, and continued to work full time for that company with the exception of a period of two months commencing in May, 1976 when he didn't work because of back trouble; he was rehired in the third quarter of 1976. Johnson testified that he attempted to contact his caseworker twice by telephone to tell her he was working but she was out. His mother also testified that she called the welfare office three times to tell them her son was employed but the caseworker was out each time she called. There is no record of such calls in the AFDC office. Johnson signed a sworn statement of property and income

on April 24, 1976 stating that he had no income. He signed another form on October 14, 1976 indicating, for the first time, that he was working. During the time Johnson was working he and some of his children received medical and dental care paid for by Medicaid.

Johnson testified that when he first applied for AFDC assistance he was told he could work, and was not told of any limitation on the amount of time he worked. He also testified that each form he signed was made out by a caseworker, and he just signed the forms without reading them. He acknowledged receiving the checks for his children and acknowledged receiving medical and dental care paid for by Medicaid.

There is no dispute over the fact that Johnson was working, that he received financial aid for his children and that Medicaid paid for medical and dental care. Thus, the only issue is whether he made false statements to AFDC and failed to disclose information with the intent to defraud the state.

With regard to Johnson's testimony that he did not read the documents and was unaware of their contents, "[o]ne who signs a written document without reading it, unless prevented from doing so by some fraud or artifice, . . . is chargeable with knowledge of its contents." *Musgrove v. Musgrove,* 213 Ga. 610 (3), 612 (100 SE2d 577) (1957); *Saddler v. Cotton States Life &c. Ins. Co.,* 101 Ga. App. 866, 870 (115 SE2d 398) (1960). Accord, *Bourne v. Balboa Ins. Co.,* 144 Ga. App. 55, 56 (240 SE2d 261) (1977). Applying this principle to the instant case, Johnson is chargeable with knowing the contents of the documents he signed. Thus, he cannot now avoid responsibility for his actions by claiming he did not know he was required to report a change in income, or that the sworn statement he signed on April 24, 1976 indicated he was receiving no income. The jury could find that he intended to defraud the state by consideration of his acts and all circumstances presented in this case. Code Ann. § 26-605. Thus, after review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of Johnson beyond a reasonable doubt. Jackson v. Virginia, —- U. S. —- (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 23, 1979.

*Roland L. Enloe, Jr.,* for appellant.
*William M. Campbell, District Attorney, James A. Meaney, III, Assistant District Attorney,* for appellee.