### 62093. INVESTOR'S NATIONAL LIFE INSURANCE COMPANY v. NORSWORTHY.

POPE, Judge.

This appeal is from the trial court's denial of a motion for summary judgment allowing an insurer to deny coverage under a credit life and credit accident and sickness insurance policy. Code Ann. § 56-3301 et seq.

Appellee borrowed money from the McIntosh State Bank to purchase a truck. The bank sold appellee a group credit life and accident and sickness insurance policy for an amount to cover the indebtedness. The bank did not require appellee to fill out any application for the insurance other than to indicate on the loan papers that he wanted such insurance.

Appellee subsequently became disabled. The disability claim was denied by appellant insurance company. The insurance policy contained an exclusion for disabilities from pre-existing conditions which had manifested themselves within six months prior to the effective date of the policy. It is undisputed that appellee's alleged disability resulted from a back injury for which he had consulted a doctor within six months prior to the effective date of the policy. Therefore, appellee's disability would be excluded from coverage under the language of the policy. Nevertheless, appellee contends the

certificate of insurance or policy was never delivered to him and, thus, he was never made aware of such an exclusion.

A contract of group insurance consists of both the master policy and the certificate of insurance. The insured is bound by provisions, including exclusions, in the master policy even though no reference is made to such provisions in the certificate. *Cherokee Credit Life Ins. Co. v. Glisson,* 124 Ga. App. 527 (2) (184 SE2d 479) (1971); *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579 (1) (168 SE2d 171) (1969). The rationale for this rule is that the certificate usually contains a disclaimer that it is not the whole contract, and it is within the power of the insured to obtain a copy of the master policy to learn all the provisions in the contract. *Cherokee Credit Life Ins. Co. v. Baker,* supra.

Code Ann. § 56-3306 requires that the certificate of insurance "shall be delivered" to the debtor. In the present case if a copy had been delivered, the insured would have been put on notice of the exclusions contained in the bank's master policy. If a certificate was not delivered to the insured, he would have no implied knowledge of the master policy and would have no notice of the provisions of such policy. Absent notice of the terms of the master policy, the insured is entitled to maintain an action on the policy he offered to purchase and which offer the insurer has accepted. Compare *Broome v. Mut. of Omaha Ins. Co.,* 119 Ga. App. 443 (2) (167 SE2d 607) (1969).

In order for the appellant insurance company to rely on the exclusions in its policy, it must show that the certificate of insurance was delivered or that the insured otherwise had notice and therefore assented to the terms of the master policy excluding coverge for pre-existing conditions. As there are disputed facts as to whether the act of delivery in fact took place, the trial court was correct in denying appellant's motion for summary judgment. See *Matthews v. National Life &c. Ins. Co.,* 141 Ga. App. 368 (233 SE2d 442) (1977).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 10, 1981.

*Garland Byrd,* for appellant.

*Alfred D. Fears, William P. Bartles, Floyd M. Buford,* for appellee.