70418. ROBINSON v. VOLUNTEER STATE LIFE INSURANCE COMPANY.
(333 SE2d 171)

BIRDSONG, Presiding Judge.

The appellant Theresa Robinson borrowed money from the Georgia Department of Education Credit Union and became disabled while the loan was in debt. She submitted a timely claim for benefits under her credit health and accident insurance in order to pay off her loan, but was refused because the policy excludes coverage of disability caused by a pre-existing condition. It is undisputed that the appellant Robinson never received any notice of such an exclusionary provision and never was given a copy of the insurance policy or certificate of insurance. The authorizing statute requires that the individual policy or group certificate of insurance "shall be delivered to the insured debtor. . . ." OCGA § 33-31-7 (c) and see OCGA § 33-31-7 (d). On the issue of coverage, the trial court denied summary judgment to appellant, notwithstanding the decision in *Investor's Nat. Life Ins. Co. v. Norsworthy*, 160 Ga. App. 340 (287 SE2d 66), and granted summary judgment to the appellee Volunteer State Life Insurance Company because unlike the policy in *Norsworthy*, the policy

was a blanket policy automatically extended to credit union borrowers, the premiums for which were paid by the credit union (not appellant Robinson) based upon the amount of loans outstanding and not upon the amount of the specific loan. *Held*:

The trial court erred in granting summary judgment to the appellee insurance company and denying summary judgment to appellant Robinson.

The authorizing statute plainly provides that the policy or certificate of insurance "shall be delivered to the . . . debtor . . ." (OCGA § 33-31-7 (c)), and does not make an exception based upon whether the debtor paid the premium.

Moreover, OCGA § 33-31-7 (d) specifically requires the policy or certificate to be delivered to the debtor in cases where the debtor pays for the premium. The appellee insurance company urges that this case is unusual in that the credit union paid the premium and was the actual insured, with appellant being more or less the third party beneficiary, whereas in the *Norsworthy* case and in the ordinary situation, the debtor is the insured and the creditor is the third-party beneficiary. Appellee cites *Universal American Life Ins. Co. v. Finance Corp.*, 118 Ga. App. 160 (162 SE2d 813) which held that the Credit Insurance Act of Georgia "was passed for the benefit of the insured borrower, *who pays the premium for the policy*, as well as the creditor who makes the loan or extends the credit." (Emphasis supplied.) Id. p. 162.

This emphasized language in *Universal American Life Ins. Co.* merely assumes that the debtor pays the premium and is not intended to say that the debtor is an insured *only* if he pays the premium. The fact that the debtor does not directly pay the premium for credit life and disability insurance does not make her any less the insured. In *Betts v. Brown*, 219 Ga. 782, 785 (136 SE2d 365), the Supreme Court held that the Georgia Insurance Code, including the specific credit life, accident and sickness statutes, "evidences an intent that the insured debtor have an interest in this type of insurance and makes various provisions for the protection of that interest." Credit life insurance is " 'insurance *on the life of the debtor*,' " and not upon the debt. Id. In *Betts* at p. 786, it was said that the statute "recognizes that it is the *debtor* who *furnishes* the insurance in credit transactions"; whether the statute does so is debatable, but there is nothing debatable about the fact that the code specifically gives the debtor the right to have an option to furnish the required amount of credit insurance through existing policies owned or controlled by him or of procuring and furnishing the required coverage through any insurer authorized to transact an insurance business within the state. OCGA § 33-31-11. It is therefore clear that, whoever technically "furnishes" the credit insurance or pays the premium, it is by statute in-

tended for the benefit of the debtor as well as for the creditor. If the creditor does not give the debtor a choice and, as in this case, automatically includes the debtor in a blanket policy and does not require even an application for insurance, the statute nevertheless without distinction requires the policy or certificate of insurance be delivered to the *debtor*. OCGA § 33-31-7 (c). The debtor who is not delivered the policy or certificate receives no notice that he may not be covered in a particular instance, and therefore, as in this case, has no chance to "furnish the required amount of insurance through existing policies . . . owned or controlled by him or . . . through any [other] insurer . . . within this state." OCGA § 33-31-11. Obviously, in such a case, the debtor sustains the loss contrary to the statutory intent to protect the debtor, and the creditor loses the benefit of the policy for which it paid.

Finally, it must be observed that OCGA § 33-31-7 (d) provides: "If the individual policy or group certificate of insurance is not delivered to the debtor at the time the indebtedness is incurred and if an *identifiable charge is made to him* for credit life insurance or credit accident and sickness insurance, a copy of the application for the policy signed by the debtor or a notice of proposed insurance setting forth the name and home office address of the insurer, the name or names of the debtor, the rate or amount of premium separately in connection with credit life insurance and credit accident and sickness insurance coverage, and a brief description of the coverage provided shall be delivered to the debtor at the time the indebtedness is incurred. . . . Upon acceptance of the insurance and within 30 days of [incurrence of the indebtedness], the insurer shall cause the individual policy or group certificate of insurance to be delivered to the debtor." This code subsection specifically requires the policy or certificate to be delivered to the debtor when the debtor and not the creditor pays the premiums.

These detailed provisions of subsection (d), in providing that the policy or certificate be delivered where the debtor pays the premium ("identifiable charge[s] . . . made to him" for the group credit insurance), prove that the makers of the statute, in requiring delivery of the policy without such distinction in subsection (c), were well aware of instances where the premium would be paid by the creditor and intended subsection (c) to apply in all cases.

We conclude that OCGA § 33-31-7 (c) requires delivery of the credit life, accident, or sickness policy or certificate to the debtor, regardless of who pays the premium. The decision in *Investor's Nat. Life Ins. Co. v. Norsworthy*, supra, is controlling; failure of the insurer to deliver the policy or certificate prevents the insurer from relying upon exclusions of which the insured debtor has no notice. Summary judgment should have been awarded to appellant Robinson and

denied to the appellee.
*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED JULY 2, 1985.

*Jacqueline L. Payne*, for appellant.
*Christopher D. Parker, Dennis M. Hall*, for appellee.