A90A0936. THE SURETY GROUP, INC. v. RAGSDALE.
A90A0937. RAGSDALE v. ROCKWOOD INSURANCE COMPANY.
(398 SE2d 718)

CARLEY, Chief Judge.

James Ragsdale brought this tort action against the following: The Surety Group, Inc. (TSG), an insurance broker through which Ragsdale had sought to obtain certain insurance policies; Rockwood Insurance Company (Rockwood), the insurer from which TSG had allegedly obtained workers' compensation and general liability policies for Ragsdale; and James Byrne, Rockwood's general agent. In his complaint, Ragsdale alleged a claim for conversion of funds that had been paid by him or by a premium financing company on his behalf as premiums for the policies allegedly issued to him by TSG. After answering and denying the material allegations of Ragsdale's complaint, TSG and Rockwood moved for summary judgment. The trial court denied TSG's motion, but certified its order for immediate review. TSG's application for an interlocutory appeal was granted and, in Case Number A90A0936, it appeals from the denial of its motion for summary judgment. Rockwood's motion for summary judgment was granted and, in Case Number A90A0937, Ragsdale appeals from that order. The latter appeal will be addressed first.

*Case No. A90A0937*

1. Ragsdale urges that a genuine issue of material fact remains as to Rockwood's liability for conversion of those premiums paid to it for a general liability policy that was purportedly issued to him for 1985-1986, but which never took effect. The record shows, however, that Ragsdale's application for that policy was actually approved by Rockwood at its home office and that at the request of TSG, which was Ragsdale's own agent, the policy was then actually delivered to Byrne. Nevertheless, Ragsdale relies upon *Newton v. Gulf Life Ins. Co.*, 55 Ga. App. 330, 331 (2) (190 SE 69) (1937) as authority for the proposition that the policy never took effect: "The mere issuance of an insurance policy in the name of an applicant, in response to his application, does not of itself indicate an unconditional acceptance of the application and an agreement to insure. The company may provide other safeguards and leave to its agents the final acts completing the final and unconditional acceptance."

*Newton v. Gulf Life Ins. Co.*, is not controlling in this case. Actual delivery to the insured is not essential to the validity of the policy where, as here, it is not made so by the terms of the policy itself. *Guest v. Kennesaw Life &c. Ins. Co.*, 97 Ga. App. 840, 844 (1) (104 SE2d 633) (1958). See also *New York Life Ins. Co. v. Babcock*, 104 Ga. 67 (30 SE 273) (1898). "The fact that the policy was not delivered . . . is of no consequence in [this] case. There was no agreement between the parties that delivery of the policy was essential to its validity. [Cits.]" *Broome v. Mut. of Omaha Ins. Co.*, 119 Ga. App. 443, 446 (1) (167 SE2d 607) (1969). Likewise, "[t]he policy does not contain any stipulation making prepayment of the premium a condition precedent." *Mechanics & Traders Ins. Co. v. Mut. Real Estate &c. Assn.*, 98 Ga. 262, 267 (2) (25 SE 457) (1896). Compare *Brown v. Mut. Benefit &c. Ins. Co.*, 131 Ga. 38, 39-40 (61 SE 1123) (1908). Thus, "this case varies from . . . *Newton v. Gulf Life Ins. Co.*, [supra,] and similar cases . . . where the application, policy or receipt provided that the policy should not become effective until its delivery and payment of the first premium . . . , unmodified by any other contract provision." *Guest v. Kennesaw Life &c. Ins. Co.*, supra at 846 (2). Construing the evidence most strongly in favor of Ragsdale, no genuine issue of material fact remains as to Rockwood's alleged conversion of premiums under the theory that its policy never took effect and the trial court correctly granted summary judgment in favor of Rockwood as to that theory.

2. Ragsdale further urges that Rockwood may be held liable for unreasonable delay in delivering the policy. However, such a delay would give rise to a cause of action in contract. See *Matthews v. Nat. Life &c. Ins. Co.*, 141 Ga. App. 368, 370 (233 SE2d 442) (1977). A

contract claim for unreasonable delay was neither pled in this tort action for conversion nor otherwise urged below. Accordingly, this contention is without merit. See *Gerald v. Ameron Automotive Centers*, 145 Ga. App. 200, 202 (2) (243 SE2d 565) (1978).

3. It is also urged that a genuine issue of material fact remains as to Rockwood's liability for having engaged in a conspiracy with TSG to conceal the latter's conversion of Ragsdale's funds. However, as discussed in Division 4 below, TSG is, as a matter of law, not liable to Ragsdale for conversion. It follows that Rockwood cannot be liable under the theory that it engaged in any conspiracy with TSG.

### Case No. A90A0936

4. With regard to TSG's liability for conversion, Ragsdale urges that a genuine issue of material fact remains as to whether TSG commingled funds in violation of OCGA § 33-23-79 (b).

Even assuming that a commingling of funds in violation of OCGA § 33-23-79 were to give rise to a private cause of action in tort for conversion, the record in this case demonstrates that TSG was nevertheless entitled to summary judgment. Ragsdale has stipulated that all monies that were paid to TSG were actually, albeit perhaps tardily, disbursed by TSG to the proper parties. The monies received by TSG were applied toward either the payment of premiums for the policies, the return of unearned premiums to the premium financing company, or the commission that the insurers owed to TSG. Since we have held in Division 1 that the policies *were* in effect and that Ragsdale *was* afforded the coverages that he sought, it follows that Ragsdale himself never had a claim to the funds that had been paid to and were being held by TSG as premiums, regardless of whether or not they have been commingled for a time. Having received the full consideration that the funds held by TSG entitled him to receive, Ragsdale cannot recover for the purported conversion of those funds. See *Stipp v. Bailey*, 181 Ga. App. 555 (353 SE2d 52) (1987).

Ragsdale also argues that the trial court correctly denied TSG's motion for summary judgment because genuine issues of material fact remain as to the commissions earned by TSG by virtue of Rockwood's issuance of a "broad form" endorsement to Ragsdale. However, it is undisputed that Ragsdale never paid any additional premium for that endorsement and that TSG consequently never earned or retained any commission therefor. Moreover, since TSG's commissions were paid *from* Ragsdale's premiums but were paid *by* Rockwood, any issue regarding TSG's commissions would be a matter to be resolved between TSG and Rockwood, not between TSG and Ragsdale. It follows that the trial court erred in denying TSG's motion for summary judgment.

5. TSG's remaining enumeration of error is moot.

*Judgment reversed in Case No. A90A0936. Judgment affirmed in Case No. A90A0937. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 10, 1990 —
REHEARING DENIED OCTOBER 31, 1990 —

*Kitchens, Kelley, Gaynes, Huprich & Shmerling, William J. Berg*, for Surety.

*Louis F. McDonald*, for Ragsdale.

*Gorby, Reeves, Moraitakis & Whiteman, Nicholas Moraitakis, Eve A. Applebaum, Andrew Nelson*, for Rockwood.