### 69398. JONES v. BROOKS.
(329 SE2d 300)

CARLEY, Judge.

Appellant contracted to buy a house from appellee. Following an appraisal of the house by a prospective mortgagee, the parties entered into a second contract which provided that appellant would pay for all repairs required as a result of the appraisal. The repairs were eventually made, but at the expense of appellee. Appellant admitted that she was liable to appellee for the cost of the repairs, but she disputed the amount claimed by appellee. A jury trial was held, and appellee was awarded the full amount claimed as compensatory damages, plus exemplary damages. Appellant appeals.

1. Asserting that the evidence did not support the amount of the award of compensatory damages, appellant enumerates the general grounds.

" 'It is the duty of an appellate court to construe the evidence [most] strongly in support of the verdict and against the appellant. [Cit.] That the evidence in a case may preponderate against a verdict is not the test. The rule is that this court cannot review the findings of juries, or judges, on issues of fact, unless, as a matter of law, a verdict has no evidence to support it. [Cits.]' [Cit.]" *Allard Prods. v. Apollo Contractors*, 163 Ga. App. 373, 374 (294 SE2d 594) (1982). Although the evidence of damages in the instant case was disputed, the amount awarded by the jury was within the range of evidence. Since the award was not "palpably unreasonable or excessive, or the product of bias, it will not be disturbed on appeal. [Cits.]" *Thompson Enterprises v. Coskrey*, 168 Ga. App. 181, 186 (3) (308 SE2d 399) (1983). See also *Coursey Bldg. Assoc. v. Baker*, 165 Ga. App. 521, 524 (6) (301 SE2d 688) (1983); *Piedmont Bldrs. v. Fullerton*, 157 Ga. App. 126 (276 SE2d 277) (1981).

2. Appellant also challenges the sufficiency of the evidence to support the jury's award of exemplary damages. However, we need not examine the sufficiency of the evidence in this regard, because exemplary damages cannot be recovered in an action for breach of contract. OCGA § 13-6-10; *Nestlé Co. v. J. H. Ewing & Sons*, 153 Ga.

App. 328, 332 (3) (265 SE2d 61) (1980). Unlike the situations in cases such as *Harrell v. Gomez*, 174 Ga. App. 8 (329 SE2d 302) (1985) and *Clark v. Aenchbacher*, 143 Ga. App. 282, 284 (1) (238 SE2d 442) (1977), the instant case involved neither allegations nor evidence of tortious conduct by appellant which would support an award of exemplary damages. Accordingly, that award must be stricken from the judgment. *Hospital Auth. of Charlton County v. Bryant*, 157 Ga. App. 330, 331 (3) (277 SE2d 322) (1981); *Combined Contractors v. Welch*, 160 Ga. App. 790, 791 (2) (288 SE2d 229) (1982).

3. Appellant's remaining enumeration of error is not supported by argument or by citation of authority, and is therefore deemed abandoned. *Cohutta Mills v. Bunch*, 166 Ga. App. 395, 396 (1) (304 SE2d 431) (1983).

*Judgment affirmed with direction to strike the award of exemplary damages. Birdsong, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 13, 1985.

Lennie W. Jones, *pro se.*
*David M. Fuller*, for appellee.