70840. APOSTOL-ATHANASIOU v. WHITE.
(335 SE2d 442)

DEEN, Presiding Judge.

This case is an action in tort, involves a dog, and "reflects distinctive . . . animated activity"[1] in its unusual and unfortunate factual particulars.

On June 9, 1983, the appellant, Helen Apostol-Athanasiou, hired Gregory White as an independent contractor to mow her lawn. Because White was apprehensive of the appellant's two dogs that were kept in her fenced backyard, the appellant placed one dog in the house and restrained the other with a chain. Prior to mowing the yard and in response to the appellant's warning about possible sticks and rocks in the yard, White inspected the lawn; at that time, he noticed no dog feces, and the appellant did not warn him of such an unattractive nuisance. After mowing approximately one third of the backyard, White allegedly slipped on some dog feces concealed in the tall grass, and his left foot was severely cut as it slid under the lawnmower. Although White initially was unsure how he had slipped, he later surmised that dog feces was involved, based on the odor of fresh feces at the time of the slip, and the fact that he discovered feces on his right shoe upon his arrival at the hospital soon after the injury.

White subsequently commenced this action against the appellant to recover damages for the injury. The trial court denied the appel-

---

[1] R. Perry Sentell, Jr., "Local Government Law," 36 Mer. L. Rev. 255 (1984).

lant's motion for summary judgment, from which this interlocutory appeal followed. *Held*:

"[A]n owner having work done on his premises by an independent contractor, who has actual or constructive knowledge of potential dangers on the premises, owes a duty to the contractor to give warning of, or use ordinary care to furnish protection against, such dangers to the contractor and his employees who are without actual or constructive notice of the dangers, and which could not be discovered by them in the exercise of ordinary care." *Amear v. Hall*, 164 Ga. App. 163, 166 (296 SE2d 611) (1982). The true basis of an owner's liability is the superior knowledge of the existence of a defect or hazard that may subject an invitee to an unreasonable risk of harm. *Pound v. Augusta National*, 158 Ga. App. 166 (279 SE2d 342) (1981). See also *Hunt v. Thomasville Baseball Co.*, 80 Ga. App. 572, 573 (56 SE2d 828) (1949).

In the instant case, it was uncontroverted that neither party had actual knowledge of the specific deposit of dog feces on which White apparently slipped. There also was no question but that the appellant had constructive knowledge of the possible potential presence of the feces, since she acknowledged that she periodically policed the backyard. The crucial question is whether White must be considered to have had constructive knowledge of the hazardous waste. White was aware that the tall grass (approximately 14 inches high) could conceal rocks and sticks, since he actually inspected the lawn for that reason; and he obviously was aware that the appellant's two dogs were kept and allowed to roam about in the backyard. We conclude that under these circumstances White had constructive knowledge of the potential presence of dog feces in the grass. The appellant and White thus possessing equal knowledge of the specific hazard, it follows that the trial court should have granted summary judgment for the appellant.

*Judgment reversed. Pope and Beasley, JJ., concur.*

Decided September 10, 1985 —
Rehearing denied September 24, 1985 —

*Jonathan M. Engram*, for appellant.
*Peter J. Krebs*, for appellee.