71586. TRI-EASTERN PETROLEUM CORPORATION et al. v. GLENN'S SUPER GAS, INC.
(342 SE2d 346)

SOGNIER, Judge.

Glenn's Super Gas, Inc. brought suit against Tri-Eastern Petroleum Corporation and its officers, Jack Thomas and Gordon Smith, in five counts alleging (I) breach of contract, (II) conversion, (III) fraud, (IV) claim on account and (V) the individual liability of Thomas and Smith for the debt. Partial summary judgment was granted to Thomas and Smith as to any personal liability in Count I for Tri-Eastern Petroleum's breach of contract and the claim on account in Count IV. The parties treated the partial summary judgment as encompassing Count V of the complaint and no charges were given to the jury on the issues raised therein. Glenn's Super Gas, in its brief to this court, admits that Count II for conversion was abandoned for failure to present evidence. Thus, the only issues at trial were the contract claims against Tri-Eastern Petroleum and the fraud claim against Thomas and Smith. The jury returned a verdict in favor of

Glenn's Super Gas on these issues and this appeal ensued.

Appellee, a gasoline wholesaler, entered into an agreement in February 1982 with appellant corporation, owned and operated by the individual appellants, to supply petroleum products which appellants then brokered to various retailers. Under the agreement, after a truckload of gasoline was delivered, appellee would send appellants an invoice and appellants would pay for the petroleum within 7 to 10 days. At the height of the transactions between the parties, as many as 12 to 15 truckloads of gasoline each week were being delivered to appellants while payments for the prior week's deliveries were being received by appellee. Although at first appellants paid promptly for the gasoline, by late October and early November of 1982 there were increasingly longer delays in the arrival of appellants' checks and, when deposited, many checks were returned two and even three times by the bank due to insufficient funds. Appellee was repeatedly assured by the individual appellants that he need not worry and that appellants were "not gonna beat [appellee] out of a nickel, a dime." Around the first of January 1983, appellee informed appellants that because they were so far behind on their payments he would not sell them any more gasoline. Appellants told appellee they had opened a second bank account and assured appellee they would pay for the past due amount. Appellee never received payment for several December 1982 checks and, while initial payments cleared the second account, by March 1983 the pattern was repeating itself with delayed checks again "bouncing" two or three times. Appellee continued to accept appellants' reassurances that he would be paid.

1. Appellants contend the trial court erred by denying their motion for a directed verdict on Count III of appellee's complaint alleging fraud on the part of the individual appellants. The motion was brought at the close of appellee's evidence; appellants presented no, evidence on their own behalf.

A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions and inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a); *Carver v. Jones*, 166 Ga. App. 197, 199 (3) (303 SE2d 529) (1983). " 'In Georgia the essential elements of a cause of action for the common-law tort of deceit based upon fraud have been stated to be: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) *his right to rely thereon*; and (9) his consequent and proximate injury." [Emphasis in original.] [Cit.]' [Cit.]" *Daugert v. Holland Furnace Co.*, 107 Ga. App. 566, 569 (130 SE2d 763) (1963). " '[M]isrepresentations

are not actionable unless the complaining party was justified in relying thereon in the exercise of common prudence and diligence. And where the representation consists of general commendations or mere expressions of opinion, hope, expectation, and the like . . . the party to whom it is made is not justified in relying upon it and assuming it to be true; he is bound to make inquiry and examination for himself so as to ascertain the truth.' [Cits.]" *Wilkinson v. Walker*, 143 Ga. App. 838, 839 (240 SE2d 210) (1977).

Applying the foregoing principles to the case at bar, we find that appellee's claim for fraud based on the alleged misrepresentations from the individual appellants that appellee would be paid must fail. " 'The right to rely on representations is generally conceded where the hearer lacks equal facilities for ascertaining the truth, as where the facts are peculiarly within the knowledge of the speaker and are difficult for the hearer to ascertain, as where misrepresentations relate to latent defects, where, because of the hearer's ignorance and inexperience, it would be necessary for him to employ a third person to make an examination in order to learn the truth, where the employment of an expert would be required, or where from the circumstances attending the transaction the hearer is compelled to rely on the speaker's statements. Redress for fraud may also be had where, there being no particular confidential relation, reliance is placed on the speaker on account of his special knowledge and the hearer's ignorance, as where the speaker is an expert with respect to the transaction involved and the hearer is not; and in such cases the hearer may without further investigation rely on the speaker's statements even where they might otherwise be deemed mere expressions of opinion or "dealers' talk," or assertions of quality or value. To come within this rule it is not, however, necessary that the fact misrepresented should have been exclusively within the speaker's knowledge.' [Cit.]" *Daugert*, supra at 570.

The evidence is uncontroverted that none of the situations in *Daugert*, supra, existed in the case sub judice. Appellee was a wholesaler of gasoline products with 15 to 20 years of experience and was dealing in an arm's length transaction with appellants. Appellee knew that appellants' payments were being dishonored repeatedly by the depositing bank, yet he continued to fill appellants' orders for further truckloads of gasoline, thereby extending more credit to appellants for the deliveries. Appellee's testimony at trial, rather than indicating reliance on appellants' representations, to the contrary showed that appellee continued to fill appellants' orders because he was afraid if he stopped the shipments that appellants, already indebted to him for $150,000, would cease all payment. Further, although appellee requested personal guaranty of payment from the individual appellants, there is no evidence that he took any action to obtain these guaran-

ties or any other form of security. There is no evidence appellee made inquiries of any nature into the financial status of appellants, accepting instead month after month the individual appellants' statements that appellee "should not worry."

"Ordinarily, '[q]uestions of . . . whether the plaintiff could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury.' [Cits.]" *Sanders v. Looney*, 247 Ga. 379, 381 (3) (276 SE2d 569) (1981). However, the record is clear that appellee failed to exercise *any* diligence whatsoever to discover the truthfulness of the individual appellants' representations. For the foregoing reasons, therefore, we do not find that the evidence was sufficient to support a judgment in favor of appellee based on actionable fraud, or fraud and deceit. *Charter Medical &c. Co. v. Ware Manor*, 159 Ga. App. 378 (283 SE2d 330) (1981). Accordingly, the trial court erred by failing to direct a verdict in favor of the individual appellants and by denying their motion for directed verdict as to this count of appellee's claim. Id.

2. Our decision in Division 1 renders it unnecessary for us to address appellants' enumerations relating to various charges concerning fraud given by the trial court. Contrary to appellants' contentions, we find no error in the trial court's charges on the awarding of litigation expenses.

3. Appellants contend the trial court erred by failing to utilize the verdict form submitted by appellants during the charge conference which would have authorized the jury to return a verdict for or against each separate appellant. Appellants did not submit a special written request pursuant to OCGA § 9-11-49 and we find no abuse of the trial court's discretion in its refusal to submit a special verdict to the jury. See *News Pub. Co. v. DeBerry*, 171 Ga. App. 787, 790 (3) (321 SE2d 112) (1984).

The jury in the case sub judice returned a verdict in favor of appellee for compensatory damages, punitive damages and attorney fees. No appeal is made from the verdict as to appellee's breach of contract claim against the appellant corporation and the evidence adduced at trial supports the verdict for appellee for compensatory damages and attorney fees. However, in view of our holding in Division 1, appellee's admission that the conversion count was abandoned, and the absence of any other allegations or evidence of other tortious conduct to support an award of exemplary damages, the jury's award of punitive damages must be stricken from the judgment. *Jones v. Brooks*, 174 Ga. App. 12 (2) (329 SE2d 300) (1985).

*Judgment reversed in part and affirmed in part with direction to strike the award of exemplary damages. Birdsong, P. J., and Carley, J., concur.*

Decided February 19, 1986 —
Rehearing denied March 7, 1986 —

*Richard E. Johnson, Noel H. Benedict,* for appellants.
*Robert B. Lipman, Victoria J. Hoffman,* for appellee.