## 72252. BEARD v. FENDER.
### (346 SE2d 901)

SOGNIER, Judge.

Orbin Fender brought this action against N. W. Beard seeking damages for personal injuries sustained as a result of a fall on Beard's property. The jury returned a verdict in favor of Fender. Beard appeals.

Appellant and appellee, neighbors, each made attempts to eliminate a nest of wasps located on an eave of appellant's house. In the last of the joint attempts, appellee climbed a ladder adjacent to the nest and, using appellant's spray gun, sprayed insecticide into the hole where the nest was located. Appellee was injured when he fell backwards off the ladder after the wasps swarmed out of the hole.

Appellant contends the trial court erred by denying his motions for directed verdict made at the close of appellee's evidence and at the close of trial. A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions and inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a); *Tri-Eastern Petro. Corp. v. Glenn's Super Gas,* 178 Ga. App. 144, 145 (1) (342 SE2d 346) (1986). It is uncontroverted that at the time of his fall appellee's status was that of an invitee on appellant's property since his primary purpose was to assist appellant in eliminating the wasps. See *Sutton v. Sutton,* 145 Ga. App. 22, 24 (1) (243 SE2d 310) (1978). Under OCGA § 51-3-1, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." " 'The application of this section cannot be restricted to purely physical defects in real property or personal property located thereon. It must be interpreted to include risks upon the premises in the nature of vicious animals or ill-tempered individuals likely to inflict harm upon invitees visiting upon the premises.' [Cits.] . . . 'The true ground of liability of the owner or occupant of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm.' [Cits.]" *Sutton,* supra at 24-25 (1). Testimony at trial adduced no evidence that appellant's knowledge of the likelihood of the wasps swarming after spray application of the insecticide was superior to appellee's knowledge. The sole testimony on this issue was appellee's statement that

on one prior occasion appellant had sprayed the wasps and, rather than swarming, the wasps went "right straight up . . . dazed. . . ." Nor was there any evidence that appellant made assurances that the insecticide in his spray gun would kill the wasps immediately so that they would not swarm. The transcript reflects only that appellant told appellee the spray gun was loaded with DDT, that "DDT would wipe them out," and that the gun "seems to do pretty good on everything." Thus, because the evidence unequivocally shows that appellee's knowledge of the danger of the wasps swarming was equal to appellant's knowledge, the evidence demanded a verdict in appellant's favor on appellee's claim of negligence based on appellant's superior knowledge of the danger. See generally *Apostol-Athanasiou v. White*, 176 Ga. App. 178 (335 SE2d 442) (1985).

Further, while we recognize that questions of negligence and assumption of risk are generally reserved for determination by the jury, *Sutton*, supra at 26 (1), the evidence presented demanded a finding that appellee assumed the risk of the wasps swarming following his treatment with the spray gun. " 'To establish the defense of assumption of risk, it must appear that the plaintiff not only had knowledge of the condition or defect complained of, but also that the plaintiff knew or should have known of the danger involved in encountering the condition or continuing the course of action which resulted in the injury.' [Cit.]" *Hollingsworth v. Hollingsworth*, 165 Ga. App. 319, 320 (301 SE2d 56) (1983). Appellee testified that he had been stung before and knew that his ex-wife and appellant also had been stung by wasps from the nest. With knowledge of the wasps' tendency to sting, appellee nevertheless volunteered to ascend a ladder and, while precariously perched within dangerous proximity of the aggressive insects, to spray a deadly chemical on the wasps' residence. Thus, "[a]ccording to [appellee's] own testimony, he was a mere volunteer, and assumed any risk attendant upon the character of the [wasps] in question for violence or [their] viciousness by nature; and he was therefore not entitled to recover for injuries consequent upon his own choice." *Graham v. Walsh*, 14 Ga. App. 287 (2) (80 SE 693) (1913). Accordingly, the trial court erred by failing to direct a verdict in favor of appellant. See generally *Tri-Eastern Petro. Corp.*, supra.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 23, 1986.

*Terry L. Readdick*, for appellant.
*C. Darrell Gossett*, for appellee.