### 72649. WILLIS v. NEAL.
(347 SE2d 700)

DEEN, Presiding Judge.

On the evening of February 2, 1983, the appellee, Blinda Diane Neal, went to the residence of the appellant, John Edward Willis, allegedly to have him repair her car. It was raining when she arrived, and Willis asked her to help him dry off another wet car that he had driven into his one-car garage. As she proceeded to dry the passenger side of the car with a towel, she slipped and fell on a mixture of oil and water on the garage floor. She suffered a broken leg and subsequently commenced this action to recover damages for that injury, contending that Willis had been negligent in failing to warn her of the

---

danger.

Neal admitted that prior to her fall, she was aware that the garage was small, that there were objects lying on the floor, and that there was water on the floor. Although she denied having seen any specific oil deposit on the floor prior to the fall, she acknowledged that she generally realized grease and oil may accumulate on garage floors, but emphasized that this awareness was limited specifically to the areas directly underneath a parked vehicle and not the peripheral areas such as where she slipped. The trial court denied Willis' motion for summary judgment, finding that a genuine issue of material fact existed whether the appellee had constructive notice of the likely presence of oil on the floor around the perimeter of the car in the garage, and this interlocutory appeal followed. *Held*:

"The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one rightfully on the premises. The true ground of liability is the owner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. In such cases, it is when the perilous condition is known to the owner or occupant and not known to the person injured that a recovery is permitted. [Cits.]" *Speaks v. Rouse Co. of Ga.*, 172 Ga. App. 9, 11 (321 SE2d 774) (1984).

In the instant case, we cannot conclude as a matter of law that awareness of possible oil deposits on the center of the garage floor constituted constructive knowledge of possible oil deposits on the peripheral areas of the garage floor. This court's recent holding in *Apostol-Athanasiou v. White*, 176 Ga. App. 178 (335 SE2d 442) (1985) does not require otherwise. In *Apostol-Athanasiou*, the plaintiff's constructive knowledge of the potential presence of dog feces over the entire backyard derived from his knowledge that the landowner's dogs were allowed to roam about in that yard. The identified source of any oil deposits in this case, i.e., a car parked in the garage, certainly did not "roam about" in the landowner's one-car garage. Accordingly, a genuine and material factual issue over superior knowledge of the hazard existed, and the trial court properly denied the motion for summary judgment.

We further observe that the trial court correctly noted that an issue of fact existed whether Neal's status was that of invitee or licensee. For purposes of deciding the defendant's motion for summary judgment, the trial court considered Neal as an invitee and applied the higher duty of care owed to one of that status. Nothing in the trial court's order, or in this court's affirmance of the trial court, pre-

cludes a jury from ultimately finding Neal to have been a licensee and entitled to recover only for a wilful or wanton injury.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED JULY 10, 1986.

*Lynn M. Roberson*, for appellant.
*Ronald R. White*, for appellee.