75503. GILDER v. DAVIS.
(370 SE2d 650)

</div>

BENHAM, Judge.

The controlling issue in this case is whether the plaintiff produced sufficient evidence of fraud to survive a motion for directed verdict. We find that he did not, and reverse the judgment entered on a jury verdict in his favor.

In the single count of the complaint which was sent to the jury, plaintiff W. E. Gilder alleged that his brother, defendant Holland F. Gilder, persuaded him, while he was ill, to deliver personalty to defendant for safeguarding during plaintiff's illness. Plaintiff then alleged that defendant knew his representations were false when they were made, that defendant had no intention of returning the property to plaintiff after he recovered his health, and that defendant still retained some of the property.

The original parties to this action are dead; their representatives have been substituted for them. The executor of plaintiff's estate was the only witness for plaintiff. He testified, in the portion of his testimony pertinent to the issue in this appeal, that plaintiff's intent was to let defendant take care of plaintiff's property during his illness; that plaintiff understood he was signing a document giving defendant authority to safeguard plaintiff's property; that plaintiff later discovered the document he signed was a transfer of title to the property to defendant; and that the witness was unaware of any consideration for the transfer.

The count of the complaint at issue here stated a claim for fraud. Essential elements of proof in an action for fraud in Georgia include a false representation by the defendant on which the plaintiff relied. *Tri-Eastern Petroleum Corp. v. Glenn's Super Gas,* 178 Ga. App. 144 (1) (342 SE2d 346) (1986). The proof offered by plaintiff in this case did not make such a showing. Plaintiff's intent and understanding were shown, but there was a complete absence of evidence that defendant made any representation, false or otherwise, which led plain-

tiff to the understanding that defendant would safeguard and return plaintiff's property, or which led plaintiff to the act of signing a document transferring property to defendant. Plaintiff having failed to prove an essential element of his cause of action, the trial court erred in denying defendant's motion for a directed verdict. Id.

Our ruling that the denial of a directed verdict was error renders moot the remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 8, 1988.

*James G. Maddox*, for appellant.
*W. W. Hemingway, Tim D. Hemingway*, for appellee.