Marler vs. Simmons.

## MARLER vs. SIMMONS.

The claim of plaintiff in the court below, according to his own testimony, was plainly barred by the statute of limitations. He charged defendant with having collected money for his use in 1878, and the suit was not brought until 1884. While fraud will prevent the statutory bar from attaching until it is discovered, there must be reasonable diligence on the part of plaintiff to discover and detect the fraud. In this case there was an evident lack of such diligence. Facts were shown beyond dispute sufficient to put plaintiff on inquiry, which inquiry he failed to make until his claim was barred.

December 5, 1888.

Statute of limitations. Actions. Diligence. Before Judge WELLBORN. Hall superior court. February term, 1888.

Reported in the decision.

GEORGE K. LOOPER and W. L. MARLER, *in propria persona*, for plaintiff in error.

J. B. ESTES, by brief, *contra.*

SIMMONS, Justice.

This was an action commenced in a justice's court by Simmons against Marler, on the thirteenth of November, 1884, for the balance due him for his fee for services rendered in a certain case in the superior court, which said balance had been collected by Marler, his associate counsel, and was not paid over to Simmons on demand. Marler filed several pleas, among which were the general issue and the statute of limitations. The magistrate rendered judgment in favor of Marler; whereupon Simmons carried the case to the superior court, by appeal.

On the trial of the case in the superior court, Sim-

mons testified that he had employed Marler to assist him in a certain case in the superior court, and that he was leading counsel in. said case; that on the trial of the case, the plaintiffs, whom he and Marler represented, recovered a judgment; that the execution was issued on said judgment and was levied on· certain property, and the property sold under said execution; that Marler collected the money, and in September, 1878, paid him (Simmons) a part of his fee.   He testified further that he left the whole control of the matter with Marler, and spoke to him frequently about the balance of his fee, and that Marler denied having collected it; and that he did not know until a month before the bringing of this action that Marler had ever collected any more than he told him he had when he paid him a part in September, 1878.    Marler, in his testimony, denied that he had told Simmons this, but insisted that he had paid him all he was entitled to for the services he had rendered in the case.    The jury returned a verdict in favor of the plaintiff, and the defendant made a motion for a new trial on several grounds, which was overruled, and he excepted.

We think the court should have granted a new trial in this case.    Leaving out the testimony of Marler entirely, the testimony of Simmons, the plaintiff, shows that the account was barred by the statute of limitations.    He charges Marler with having collected· the money in 1878, and his suit was not brought until March, 1884, more than four years having elapsed from the time Marler collected the money until this suit was brought against him.    Simmons seeks to reply to the plea of the statute of limitations, by. undertaking to show that he was deterred from bringing the suit by the fraud of Marler, the defendant.    We do not think Simmons succeeded in showing this, but on the con-

trary, we think his own testimony shows that he was barred. He relies upon the fact that Marler had told him that he had never collected any more of the fee than he had divided with him, when, according to his (Simmons') testimony, Marler had collected the whole amount, and had failed to pay him over his part, amounting to upwards of eighty dollars. The code, §2931, declares that "if the defendant, or those under whom he claims, has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." As said before, Simmons sought to avoid the statute of limitations by the principle announced in this section of the code; but we do not think his evidence brings him within it. "Fraud will prevent the statutory bar from attaching until it is discovered; but there must be reasonable diligence on the part of the plaintiff to discover and detect the fraud." *Edmonds vs. Goodwyn*, 28 *Ga.* 38. "Fraud which must have been discovered, if usual and reasonable diligence had been exercised, is not a good reply to the statute of limitations." *Sutton vs. Dye*, 60 *Ga.* 449. "Ignorance of fraud, which by the use of ordinary diligence might have been discovered in due time, will not hinder the statute of limitations from running. Enough was known to prompt inquiry; there was a clue." *Freeman vs. Craver*, 56 *Ga.* 161. See also *Printup vs. Alexander & Wright*, 69 *Ga.* 553.

Applying these principles to the facts of this case, it will be seen that the plaintiff below, according to his testimony, was the leading counsel in the case for services in which he now claims fees; that he assisted in drafting the bill; that he subpœnaed the witnesses, assisted at the final trial, and ordered the clerk to issue the execution, and had it levied; and while he was not

present at the sale of the property, he knew the property was sold, and after it was sold, received from Marler a portion of the fees; that he asked Marler for the balance of his fees time after time, but, he says, was informed by Marler that he had never collected it. The evidence further shows that Marler's receipts were entered on the execution every time money was paid thereon; that a settlement was made by him with the clients, their receipt being also on the execution for their portion of the fund; that the purchaser at the sheriff's sale, who paid the money, resided in the county, and the sheriff himself was in the county and doubtless attended the courts. All this was sufficient to put Simmons on inquiry, which he failed to make until he was barred by the statute of limitations. His own evidence shows such a want of diligence on his part that, in our opinion, the bar of the statute of limitations was not prevented from running against him.

In the case of *Sutton vs. Dye, supra,* it was held that "where, in 1867, a factor sold cotton for his principal, received the proceeds, and on payment being demanded, answered falsely and fraudulently that he had paid the money over to a third person, but was not then or thereafter called upon to show a receipt or exhibit his books, or furnish any evidence of the payment except his bare word, and used no trick or artifice to support his statement or stifle inquiry, an action brought for the money in 1877, by the principal against the factor, was barred; and the declaration, though setting forth the fraud and averring its non-discovery until within two years prior to the institution of the suit, was properly dismissed on demurrer." In the opinion in the case, the court say, "That the fraud complained of could and ought to have been discovered long before suit was brought, is plainly apparent. Diligence to de-

tect fraud is as much incumbent upon a party who labors under no disability, as to do any other act in which his interest is involved. . . . He should be wakeful and watchful. Unless he is duly vigilant, the law will not aid him."

Judgment reversed.