## BENNETT *v.* BIRD.

There was no error in dismissing the plaintiff's petition on demurrer.
November 18, 1912.

Equitable petition. Before Judge Rawlings. Jefferson superior court. October 24, 1911.

*H. B. Strange,* for plaintiff.
*Hines & Jordan* and *Brannen & Booth,* for defendant.

Evans, P. J. This is a petition by Jemima Bennett against Jefferson Bird, alleging as follows: Her father died in 1869, and her mother married the defendant. The defendant qualified as her guardian in 1870, and as such guardian received her inheritance from her grandfather, which consisted of notes to the amount of $496.46. Petitioner married in 1888, and shortly afterwards the defendant attempted to settle with her, representing that he only

had in hand for her $486.03, which statement she believed to be true until within the last six months, when she was informed and advised by various persons residing in the community that the defendant had not made a full and complete settlement, as such guardian, with her, for the reason that shortly after receiving the notes he purchased from Samuel Harville, on July 18, 1870, for the consideration of $552, a described tract of land containing 368 acres, which tract of land petitioner is advised and believes was paid for by the defendant with the notes which he had received as her share of her grandfather's estate. As the defendant sustained to her the relationship of stepfather and guardian, she naturally placed the utmost confidence in his statement made to her in connection with her estate; and she relied on and confided in the statement, made by him at the time of the settlement, that the amount due her was the true and correct amount; but she has recently discovered that the statement was not true, and the defendant failed to advise her of the true condition of her estate, and by his annual returns he represented to the ordinary of the county that he held money or notes for the amount stated, and so returned the same, when as a matter of fact he had no money or notes of petitioner, but the land was purchased with petitioner's notes held by the defendant as guardian, and in equity he holds the land in trust, less 150 acres which he conveyed to petitioner's husband in settlement of the amount he admitted to be due as guardian. At the time of the settlement petitioner was a minor; the settlement was made out of court, and by it she was defrauded of her property. The defendant is in possession of the remainder of the land, and has erected thereon valuable improvements equal to the rent. The prayer is to declare the title to be in petitioner, and that defendant make her a warranty title to same. The petition was dismissed on demurrer.

The obvious purpose of the petitioner is to declare a trust in the land purchased with her property. Her claim is, that her property was used in the purchase of the land; and that she had the option, on arrival at majority, to elect either the money or the land; that her acceptance of a part of the land as an equivalent of the money which was due her did not deprive her of the right to elect to take all the land, because she was a minor and did not know the actual facts until a short time before bringing suit; and that she now elects to take the land. The defendant by way of

demurrer replies to this contention, and says, that inasmuch as the plaintiff admits that she has received her full inheritance from her grandfather, and is only complaining of her loss of a right of election to receive such inheritance in land which she alleges was purchased with her money, she ought to have made such election at the time of the settlement, or at least within the period of limitation after arriving at full age; and that no facts are alleged to excuse acquiescence in the settlement for more than twenty years. We will first consider the issues thus joined as if the plaintiff had been an adult at the time of the settlement. If she were an adult, and settled with her guardian out of court, such settlement ordinarily would become conclusive after four years. Civil Code, § 3084. An exception to the running of a statute of limitations is, that if the defendant be guilty of fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall begin with the discovery of the fraud. Civil Code, § 4380. But before the plaintiff can fix a new point for the running of the statute on the ground of concealed fraud, she must exercise reasonable diligence to detect the fraud. *Marler* v. *Simmons*, 81 *Ga.* 613 (8 S. E. 190). While it is true that "a failure to employ the necessary means to discover such fraud may be excused, when the plaintiff has been lulled into a sense of security by reason of a relation of trust and confidence between himself and the defendant, rendering it the duty of the latter to disclose the truth, and when it also appears that because of this confidence the plaintiff was actually deterred from sooner discovering the fraud, or even suspecting that any fraud had been perpetrated on him" (*Kirkley* v. *Sharp,* 98 *Ga.* 484, 25 S. E. 562), yet a plaintiff standing in a confidential relation with the defendant, having a right to an election either of money or of property in which the money has been invested, and having means of ascertaining the existence of facts upon which such right is predicated, can not arbitrarily close his eyes to all means of information, and many years thereafter claim the privilege of making an election. In the instant case the plaintiff knew her inheritance was in notes, and that her guardian had made annual returns in which he represented "that he held money or notes" representing the amount of her inheritance. She now says that the guardian had neither money nor notes at the time she settled with him. The slightest diligence would have shown the

incorrectness of the returns, if in point of fact they were incorrect. The guardian made no personal representation of facts to her; the settlement was had on the face of the guardian's returns to the ordinary, made annually pursuant to law. There is no charge that the amount shown to be due by the returns did not represent every cent which the guardian owed her. The law requires a guardian to pay interest on the funds of his ward in his hands (Civil Code, § 4077), and this requirement implies that he may use the funds. When the settlement was had, the returns gave the ward information that the guardian was accounting to her for the full inheritance of her grandfather. There was no concealment of her property; there was no misrepresentation of the amount which the guardian was due her. More than twenty years after the transaction she complains, not that her guardian failed to account for her inheritance, but that he used it in buying land for himself, and accounted for the money, without giving her an option at the time to elect to take the land instead of the money. She seeks the right to make an election after valuable improvements have been erected, and values have greatly increased. It would be inequitable to accord to her this right, when she failed to avail herself of the information afforded by the returns at the time of the settlement, which would have disclosed the whole matter. Moreover, she alleges that various persons in the community informed her that her guardian had not fairly dealt with her in the settlement. It seems to have been current knowledge in the community, as late as 1910, that her guardian had used her funds in the purchase of land forty years ago. This general diffusion of knowledge of the facts, if not incompatible with the suggestion of their concealment by the guardian, certainly shows that the slightest diligence on the part of the ward would have given her such information as to enable her to make her election at the time she made the settlement.

But it is said that she was a minor at the time of the settlement. Her exact age is not disclosed, but, as her father died in 1869, she was at least nineteen or twenty years of age. Granting that the settlement did not bind her on account of her minority, still she was of such an age as to be able to comprehend the significance of her acts; and after reaching majority she was bound to avail herself of the means of information she had. Her long delay, without the exercise of the slightest diligence, and after valuable im-

provements have been made on the land, renders it inequitable for her to claim the right of election at this late day. The facts of this case are very unlike those of *Short* v. *Mathis,* 107 Ga. 807 (33 S. E. 694), so confidently relied on by the plaintiff in error. In that case the guardian colluded with his brother-in-law to defraud his ward of land to which she had title. The ward had lost her right to recover the land when she received information of the fraud, and sued the guardian for its value. Actual concealment of the fraud and misleading information were alleged, which the court held was sufficient to excuse the delay in bringing the suit.

*Judgment affirmed. All the Justices concur.*