19981. DENSON *et al.* v. DENSON *et al.*

*Lippitt & Lippitt,* for plaintiffs in error.

*W. H. Burt, Burt & Burt,* contra.

WYATT, Presiding Justice.  1.  The first question presented in this case is whether or not the claim of the plaintiffs, if any they have, is barred by the statute of limitations.  Resulting or implied trusts are within the statute of limitations.  *Garner* v. *Lankford,* 147 *Ga.* 235 (93 S. E. 411); *Grant* v. *Hart,* 192 *Ga.* 153 (14 S. E. 2d 860); *Citizens & Southern Nat. Bank* v. *Ellis,* 171 *Ga.* 717 (156 S. E. 603); *O'Neal* v. *O'Neal,* 176 *Ga.* 418 (168 S. E. 262); *Wallace* v. *Mize,* 153 *Ga.* 374 (112 S. E. 724).  While there appears to be some conflict in the authorities as to whether the statutory period is ten years (*Garner* v. *Lankford,* supra) or seven years (*Wallace* v. *Mize,* supra), if either period is applicable to the facts alleged in the instant case, the plaintiffs are barred by the statute of limitations because the elapsed time is greater than the longest statutory period appearing in the above-cited cases.  Therefore, the sole question for decision in this case on the statute of limitations is whether or not the plaintiffs allege any reason why the statute has not run against their claim.

They allege, for the purpose of tolling the statute of limitations, that their father, the grantee in the deeds, treated the trust as subsisting and that they did not discover that he had conveyed any of the property until about two weeks before they brought this suit, when one of the plaintiffs examined the records in the office of the Clerk of the Superior Court of Dougherty County and found the recorded conveyances. However, in the same paragraph in which it is alleged that the father was treating the trust as subsisting, it is alleged that in 1943, more than fourteen years prior to the bringing of this suit, the father, in violation of his agreement, conveyed a portion of the property to Mrs. Edith Wilkerson Williams, and that the deed was duly recorded in 1943.

"In this State, when the trustee in an implied trust recognizes the trust, and treats it as subsisting within seven years next preceding the institution of an action to enforce it, such suit is not barred by the statute of limitations." *Wallace* v. *Mize*, 153 *Ga.* 374, supra, headnote 3. However, when there has been notice of an adverse claim by the trustee or such change of circumstances as is calculated to put a reasonably prudent person on notice that the trust is no longer recognized as subsisting, or something to indicate to a reasonably prudent person that the relation of trustee and cestui que trust has ceased, the statute of limitations will commence to run. *Garner* v. *Lankford*, 147 *Ga.* 235, supra; *Citizens & Southern Nat. Bank* v. *Ellis*, 171 *Ga.* 717, supra.

Applying these rules to the facts in the instant case, whatever might have been the situation prior to 1943, in 1943 at the latest there was in existence sufficient information to charge the plaintiffs with notice of the adverse claim of their father. The deed to Mrs. Williams was recorded in 1943. This is constructive notice, and the plaintiffs are charged with notice, that the father was dealing with the property as his own. Also, construing the petition most strongly against the pleader, since it is not alleged to the contrary, it is presumed that Mrs. Williams went into possession of the property in 1943. "Actual possession of real property puts the world on inquiry as to the right under which the occupant holds." *Parker* v. *Gortatowsky*, 127 *Ga.* 560 (1) (56 S. E. 846). These facts were certainly sufficient to put the

plaintiffs on notice as to the claim of their father and start the statute of limitations to run, and they are barred unless they alleged a sufficient excuse for their failure to learn of the existing facts as set out above.

Petitioners do not allege that there was any fraud practiced upon them by their father which prevented them from discovering that he had conveyed away a portion of the alleged trust property and was treating the property as his own. They do allege that a confidential relation existed between them and their father, and that they trusted him to do what he said. If it be admitted that such a relationship existed, even in the absence of any further allegations as to how the relationship arose except from their relationship as parent and children (See however, *Crawford* v. *Crawford,* 134 *Ga.* 114, 67 S. E. 673, 28 L.R.A. (NS) 353, 19 Ann. Cas. 932), the plaintiffs having means of ascertaining the existence of facts upon which their right is predicated, must exercise reasonable diligence to discover these facts before they can avoid the effects of the statute of limitations. *Bennett* v. *Bird,* infra. A party must exercise reasonable diligence to discover a fraud and can not stand by and "close his eyes to all means of information and many years thereafter claim the privilege of making an election." *Bennett* v. *Bird,* 139 *Ga.* 25 (76 S. E. 568). See also *Frost* v. *Arnaud,* 144 *Ga.* 26 (85 S. E. 1028), *Marler* v. *Simmons,* 81 *Ga.* 611 (8 S. E. 190), and *Sutton* v. *Dye,* 60 *Ga.* 449.

So, in the instant case, whether or not the father recognized the trust as subsisting prior to 1943, in 1943, more than fourteen years prior to the institution of this suit, his conduct was sufficient to put the plaintiffs on notice that he was then claiming the property as his own, and their failure to discover the facts was due entirely to their own lack of diligence, and no sufficient reason being alleged to excuse their failure to exercise any degree of diligence, their claim is barred by the statute of limitations. It was, therefore, not error to sustain the general demurrer to and dismiss the petition.

2. The rulings above made having completely disposed of the case, it will not be necessary to rule on any other questions argued in this court.

*Judgment affirmed. All the Justices concur.*