37905. ROBI *v.* GOLDSTEIN *et al.*

FELTON, Chief Judge. In the absence of a confidential relationship a party may not rely and act on the misrepresentations of an opposite party as to the contents of a written instrument where the party signing can read and where no artifice or fraud is practiced which prevents the party signing from reading the instrument. In this action for fraud and deceit it is not alleged that the plaintiff could not read or that any artifice or fraud was practiced to prevent her from reading the deed. An allegation that the plaintiff requested a member of the defendant partnership to read the deed to her and that he "pulled the deed out, folded it back to where she was to sign her name and stated to her" that the deed called for less land than it actually called for, and assured her that this was all the deed called for and stated to her that they had done business before and that she could trust him, and that she relied on his representations and signed the deed, are not sufficient to show a confidential relationship or to show fraud or artifice preventing the plaintiff from reading the deed. See *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d 788); *Robuck, Inc.* v. *Walker,* 212 *Ga.* 621 (94 S. E. 2d 696); *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915); *Dover* v. *Burns,* 186 *Ga.* 19 (196 S. E. 785); *Dixon* v. *Dixon,* 211 *Ga.* 557, 563 (87 S. E. 2d 369); *Denson* v. *Denson,* 214 *Ga.* 8, 11 (102 S. E. 2d 605); *Sutton* v. *Dye,* 60 *Ga.* 449; *Whitfield* v. *Whitfield,* 204 *Ga.* 64, 65 (48 S. E. 2d 852).

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED OCTOBER 30, 1959.

*W. George Thomas,* for plaintiff in error.
*George S. Carpenter, Jr., Frank W. Bell,* contra.