## 43359. VULCAN LIFE & ACCIDENT INSURANCE COMPANY v. UNITED BANKING COMPANY.

WHITMAN, Judge. 1. "(1) Credit life insurance. The amount of credit life insurance shall not exceed the indebtedness." *Code Ann.* § 56-3304 (Ga. L. 1960, pp. 289, 744). "Credit life insurance . . . shall be issued only in the following forms: (1) Individual policies of life insurance issued to debtors on the term plan; . . . (3) Group policies of life insurance issued to creditors providing insurance upon the lives of debtors on the term plan." *Code Ann.* § 56-3303 (Ga. L. 1960, pp. 289, 744). " 'Credit life insurance' means insurance on the life of a debtor pursuant to or in connection with a specific loan or other credit transaction. . . 'Debtor' means a borrower of money or a purchaser or lessee of goods, services, property, rights or privileges for which payment is arranged through a credit transaction. (5) 'Indebtedness' means the total amount payable by a debtor to a creditor in connection with a loan or other credit transaction." *Code Ann.* § 56-3302 (Ga. L. 1960, pp. 289, 743.)

2. "A creditor has, for the purpose of indemnifying himself against loss, but for no other, an insurable interest in the life of his debtor.

"This interest can not exceed in amount that of the indebtedness to be secured. Such indebtedness may, however, include the cost of taking out and keeping up the insurance, if made a charge against the debtor, or his estate, or upon the proceeds of the policy when collected." *Exchange Bank of Macon v. Loh*, 104 Ga. 446 (1, 2) (31 SE 459, 44 LRA 372).

3. The question presented for decision in the present case is whether the trial court erred in overruling the general demurrer interposed by the defendant insurer to the plaintiff bank's petition seeking to recover under a group policy of insurance insuring the lives of persons approved for loan by the bank. The bank had approved and made a loan to one

Forrester in the amount of $3,600, for which Forrester gave his promissory note. The bank issued a certificate of insurance in the amount of $3,600 on the life of Forrester, naming the bank as creditor beneficiary. The bank also issued a certificate of insurance in the amount of $3,600 on the life of Alex Weinstein, likewise naming the bank as creditor beneficiary. Weinstein was an endorser on Forrester's promissory note to the bank.

It appears from the petition and from the group policy issued by the insurer to the bank that the bank's debtors were insured against death if such debtors applied for insurance under the policy and the premiums were paid. Under the policy the bank took applications from its debtors for insurance upon forms supplied by the insurer. The bank was the creditor beneficiary under such applications and it paid the premiums. The bank was, of course, the agent of the insurer under the group policy for the purpose of effecting the individual contracts of insurance and is charged with notice of the terms, conditions and limitations contained in the group policy. A principal may limit the authority of his agent and, generally, will not be bound by the acts of his agent beyond the scope of his authority. *Hutson v. Prudential Ins. Co.,* 122 Ga. 847 (1) (50 SE 1000) ; *Reliance Life Ins. Co. v. Hightower,* 148 Ga. 843 (98 SE 469). This principle applies to persons who deal with the agent and applies with even more logic to the agent himself.

The group policy specifically provides, with regard to the amount of insurance authorized thereunder, that: "The *amount of insurance* hereunder shall not exceed the *face amount of indebtedness,* and the person whose name first appears on said evidence of indebtedness as maker shall be deemed to be the insured, unless the co-maker and endorsers elect to divide the insurance coverage equally among all co-makers and endorsers and each co-maker and endorser pay the premium for their equal amount of coverage. The *total amount of insurance hereunder shall not exceed the face amount of the indebtedness.*" (Emphasis supplied.)

4. It thus appears from the above facts and law that the certificate of insurance issued on Alex Weinstein was null and void for two reasons: First, the Weinstein policy was specifically prohibited by statute because it was in excess of the indebtedness. The debt was $3,600 and with the certificate of in-

surance on Weinstein the insurance totaled $7,200. The insurance authorized by the statute is on the "debtor" or the "borrower," which in this case was Forrester. We do not and can not here decide whether under the statute an endorser's life is or is not insurable in the place of the debtor's life, or whether both their lives can be concurrently insured so long as the total amount of insurance does not exceed the amount of the debt. In the present case the debtor's life was insured for the full amount of the debt and such considerations are therefore precluded.

Second, the bank as agent of the insurer was prohibited by the express terms of the group policy from issuing certificates of insurance in excess of the face amount of the indebtedness. Forrester, by the terms of the policy, was the insured. There is nothing in the petition alleging or indicating any agreement between Forrester and Weinstein to divide the coverage or that Weinstein was to be substituted for Forrester. The insurer's rejection of the Weinstein claim on the ground that Weinstein was not insurable when the bank issued the certificate of insurance, a copy of which rejection is attached as an exhibit to the petition, was a valid ground of rejection.

The trial court erred in overruling and in not sustaining the defendant insurer's general demurrer to the plaintiff bank's petition. In view of this ruling the questions raised by the remaining enumerations of error in relation to further proceedings are moot and therefore not passed on. See *Code Ann.* § 6-701 (b).

*Judgment reversed. Eberhardt, J., concurs. Felton, C. J., concurs in the judgment only.*

SUBMITTED JANUARY 11, 1968—DECIDED JUNE 20, 1968.

*Maxwell A. Hines*, for appellant.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr.*, for appellee.