73139. HEIDT v. POTAMKIN CHRYSLER-PLYMOUTH, INC.
(354 SE2d 440)

CARLEY, Judge.

Mr. J. Paul Dawson initiated this suit, alleging that appellee-defendant had violated the Fair Business Practices Act (FBPA), OCGA § 10-1-390 et seq. The case was tried before a jury and, at the close of Mr. Dawson's evidence, the trial court granted appellee's motion for a directed verdict. As the result of Mr. Dawson's death subsequent to filing this appeal, his executrix has been substituted as the party appellant.

The alleged FBPA violation at issue is an oral misrepresentation occurring in connection with Mr. Dawson's purchase of a new automobile from appellee. However, the misrepresentation attributed to appellee does not relate to the new automobile that was purchased by Mr. Dawson. The purchase of the new car had included Mr. Dawson's trade-in of his current vehicle. According to Mr. Dawson, he had been

induced to purchase the new car by the oral misrepresentation that appellee would assume responsibility for the "pay-off" of the balance that he owed on his trade-in vehicle. However, the existence of a purchase money security interest in the trade-in, the amount of any unpaid balance that might be owing on the trade-in, and the obligation for paying off any balance that might be owed on the trade-in were all factors which had been specifically addressed in the written documents signed by Mr. Dawson in connection with his purchase of the new car. These signed documents negated the existence of an assumption by appellee of the obligation to make a "pay-off" on Mr. Dawson's trade-in. Because the alleged oral misrepresentation attributed to appellee was contrary to the express terms of the written agreement underlying the sale, the trial court ruled that Mr. Dawson's testimony regarding that misrepresentation was inadmissible. In the absence of any other probative evidence of a misrepresentation or violation of the FBPA, the trial court granted a directed verdict to appellee. The sole issue on appeal is whether the trial court erred in granting the motion for directed verdict.

In those cases where, as here, the asserted violation of the FBPA consists of a misrepresentation, the following is applicable: "[W]e construe [OCGA § 10-1-399] as incorporating the 'reliance' element of the common law tort of misrepresentation into the causation element of an individual claim under the FBPA. [Cit.] Thus, under [OCGA § 10-1-399], a claimant who alleges the FBPA was violated as the result of a misrepresentation must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation. Therefore, *under [OCGA § 10-1-399] when the alleged violation of the FBPA is a misrepresentation, the claimant is not entitled to recover if he had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so.* [Cit.] ' " '[T]he FBPA is no panacea for the congenital ills of the marketplace . . .' " [Cit.] The Act does not instantly convert every [misrepresentation] into a violation of the FBPA.' [Cit.]" (Emphasis supplied.) *Zeeman v. Black,* 156 Ga. App. 82, 87 (273 SE2d 910) (1980).

As noted above, the alleged misrepresentation in the case sub judice does not relate to the underlying quality or attributes of any product that appellee sold, which misrepresentation a prospective purchaser might, even in the exercise of proper diligence, fail to discover. Compare *Attaway v. Tom's Auto Sales,* 144 Ga. App. 813 (242 SE2d 740) (1978); *Paces Ferry Dodge v. Thomas,* 174 Ga. App. 642, 643 (2) (331 SE2d 4) (1985). Instead, the alleged misrepresentation deals with the underlying terms of the transaction which were specifically addressed in the signed documents evincing the transaction. The alleged misrepresentation is contrary to the express terms of those written documents. "In the absence of a confidential relationship a

party may not rely and act on the misrepresentations of an opposite party as to the contents of a written instrument where the party signing can read and where no artifice or fraud is practiced which prevents the party signing from reading the instrument." *Robi v. Goldstein*, 100 Ga. App. 606 (112 SE2d 165) (1959). See also *Thomas v. Byrd*, 107 Ga. App. 234 (129 SE2d 566) (1963). Mr. Dawson "was not only free to examine the contract before entering into it, [he] was under a duty to do so. [Cits.]" *Marett Properties v. Prudential Ins. Co.*, 167 Ga. App. 631, 633 (307 SE2d 69) (1983). Accordingly, in this FBPA action, as in *Colonial Lincoln-Mercury Sales v. Molina*, 152 Ga. App. 379 (262 SE2d 820) (1979), the trial court did not err in precluding the introduction of testimony as to the alleged oral misrepresentation. "[T]he proffered evidence was inadmissible to vary the terms of the written contract, [Cit.]" *Colonial Lincoln-Mercury Sales v. Molina*, supra at 380 (2).

It is urged that such a holding would violate OCGA § 10-1-393 (c), which provides: "A seller may not by contract, agreement, or otherwise limit the operation of [the FBPA] notwithstanding any other provision of law." However, the non-viability of Mr. Dawson's claim is not the result of appellee's contractual limitation of the applicability of the FBPA. It is the result of Mr. Dawson's own failure to exercise the requisite diligence to read the contract that he signed. The intent of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." OCGA § 10-1-391 (a). It is not the intent of the FBPA to protect consumers from their own lack of diligence and to render every written and ostensibly final sale of a product a potential source of liability for the seller.

Likewise, the holding in this case is not inconsistent with an interpretation of the FBPA as providing "[a] consumer who is *damaged [by a violation of the statute]* has an independent right to recover under the Act, regardless of any other theory of recovery." (Emphasis supplied.) *Attaway v. Tom's Auto Sales*, supra at 815. Our holding is simply that, under the circumstances of this case, "any damage [Mr. Dawson] may have suffered . . . must be charged to [his] lack of diligence and not to [his] reliance upon any misrepresentation[. He has, therefore,] not suffered any damage 'as a result of' a violation of the FBPA." *Zeeman v. Black*, supra at 89.

Since the evidence showed no actionable violation of the FBPA, the trial court did not err in granting a directed verdict in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 2, 1987.

*Philip M. Casto*, for appellant.
*Joseph R. Manning, Roy J. Boyd, Jr.*, for appellee.