76551. DELTA CHEVROLET, INC. v. WELLS et al.
(371 SE2d 250)

BANKE, Presiding Judge.

The appellees, Grailyn Wells and Carrol Akin, each leased a Chevrolet Corvette automobile from General Motors Acceptance Corporation (GMAC). The appellant, Delta Chevrolet, Inc., acted as

GMAC's agent in negotiating the leases. Both the appellees were college educated, both had substantial prior experience in leasing and purchasing automobiles, and both had "shopped" for a Corvette at various dealerships prior to doing business with Delta Chevrolet. The lease agreements which they signed clearly disclosed the "total payment due at inception," the "total monthly payment," and the "total of monthly payments."

The appellees brought the present action against GMAC and Delta Chevrolet seeking to void the transactions and recover damages based on allegations of fraud in the inducement, violations of the Fair Business Practices Act, mutual mistake of fact, and unconscionability. Both the defendants moved for summary judgment, and GMAC's motion was granted while Delta Chevrolet's motion was denied. The case is now before this court pursuant to our grant of Delta Chevrolet's application for an interlocutory appeal. *Held:*

1. The record reveals no basis for the appellees' claims of fraud in the inducement. In this regard, the appellees complain that Delta Chevrolet's agents failed to disclose the correct monthly payment figures to them prior to the *preparation* of the written lease agreements. However, the actual lease terms were clearly set forth in the writings, and neither appellee has alleged any misrepresentation which would have prevented him or her from reading the contract prior to signing it. With regard to the appellees' claims that they were fraudulently induced into purchasing an extended warranty protection plan, the evidence demonstrates that each of them signed a separate document specifically requesting such coverage. Finally, with respect to appellee Wells' contention that he was told prior to executing the lease that he would receive a $1,000 credit for his trade-in vehicle, we note that he conceded in his deposition that he had underestimated the loan balance on that vehicle and that the actual loan balance in fact exceeded the value he himself had placed on the vehicle.

The two lease agreements, which were prepared on identical printed forms, each contained a provision specifying that the writing constituted the entire agreement between the parties and that neither the lessor nor any of its employees were authorized to make any oral or written promise, affirmation, warranty or representation not reflected in the written lease. Having alleged no fraud which would have prevented them from reading the written lease agreements before signing them, the appellees are now bound by the terms of the writings and may not seek to avoid their obligations because they believe they made an unfavorable bargain. See *Blum v. Gen. Motors Acceptance Corp.*, 185 Ga. App. 714 (365 SE2d 474) (1988); *Salome v. First Nat. Bank of Atlanta,* 162 Ga. App. 394, 395 (291 SE2d 452) (1982). We consequently hold that the trial court erred in denying the appellant's motion for summary judgment with respect to the appellees'

fraud claims. Accord *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983).

2. We similarly conclude that the trial court erred in denying the appellant's motion for summary judgment with respect to the appellees' claims that the transactions violated the Georgia Fair Business Practices Act (FBPA), OCGA § 10-1-390 et seq.

"[A] claimant who alleges the FBPA was violated as the result of a misrepresentation must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation. Therefore, under [OCGA § 10-1-399] when the alleged violation of the FBPA is a misrepresentation, the claimant is not entitled to recover if he had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so. [Cit.]" *Zeeman v. Black*, 156 Ga. App. 82, 87 (273 SE2d 910) (1980). " 'The FBPA is no panacea for the congenital ills of the marketplace. . . .' [Cit.] The Act does not instantly convert every alleged breach of contract into a violation of the FBPA." *DeLoach v. Foremost Ins. Co.*, 147 Ga. App. 124, 125 (248 SE2d 193) (1978).

From our conclusion that the appellees alleged no artifice or fraud which would have prevented them from reading the lease agreements prior to signing them, it necessarily follows that they have alleged no misrepresentations which would give rise to a cause of action for damages for violation of the FBPA.

3. Based upon our review of the evidence of record, we hold that the appellant was also entitled to summary judgment with respect to the appellees' claims for recovery under the theories of mutual mistake and unconscionability.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JUNE 30, 1988.

*Richard C. Freeman III*, for appellant.
*Robert M. Goldberg*, for appellees.