77110. CREDITHRIFT OF AMERICA, INC. v. WHITLEY et al.
77111. BANNER FORD, INC. v. WHITLEY et al.
77112. OLD REPUBLIC LIFE INSURANCE COMPANY v. WHITLEY et al.
(380 SE2d 489)

SOGNIER, Judge.

Forda Lee Whitley and Carolyn Whitley brought suit against Banner Ford, Inc., Credithrift of America, Inc., and Old Republic Life Insurance Company for fraud and violation of the Georgia Fair Business Practices Act, OCGA § 10-1-390 et seq. (FBPA) and truth-in-lending laws, in regard to the insurance they purchased when they bought an automobile from Banner Ford. The Whitleys sought recovery of medical expenses and lost wages incurred by Carolyn Whitley and the Whitleys' son, Christopher, in an accident involving the automobile, as well as exemplary damages, attorney fees, recovery of the loss on the automobile under the mechanical breakdown coverage purchased by them, and class certification of their action. The trial court granted the defendants' motion for summary judgment as to all claims by the Whitleys' son and as to the truth-in-lending claim. The trial court denied the defendants' motion as to all other matters and we granted their applications for interlocutory appeal.

The installment sales contract executed by appellees and appellant Banner Ford, which Banner Ford then assigned to appellant Credithrift, contained a printed block titled "Insurance." Underneath that title was the statement: "Credit Life and Credit Accident and Health Insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost. The cost for this insurance for the term of this contract is:

| | | |
|---|---|---|
| "Credit Life | $ __ [ ] | I want Credit Life Insurance |
| "Joint Credit Life | $ __ [ ] | We want Joint Credit Life Insurance |
| "Accident & Health | $ __ [ ] | I want Accident & Health Insurance" |

Property and automobile insurance complete the listing.

The contract executed by appellees was marked "N/A" in the space for "Credit Life," and with a dollar figure and an "X" in the box (represented by brackets above) by the space for "Joint Credit Life" and a dollar figure and an "X" in the box by the space for "Accident & Health." The other spaces are marked "N/A" and the spaces for signatures at the bottom of the section are blank. In the section marked "Itemization of Amount Financed," directly beside the "Insurance" section, the contract shows under the section "amounts paid to others on your behalf" that appellees were purchasing joint credit life insurance and disability insurance. The contract is signed by Forda L. Whitley as "Buyer" and Carolyn Whitley as "Co-Buyer." Although neither appellee signed in the spaces in the blocked insurance section, appellees do not assert that they did not purchase this insurance.

1. Appellees argue that they are entitled to recover the damages sought because appellants misrepresented to them (a) the nature of the coverage purchased, (b) the necessity for the purchase of the insurance, and (c) the persons covered by the insurance.

(a) We do not agree with appellees that a question of fact exists regarding the nature of the coverage they purchased. Although appellees argue they did not realize they were purchasing *credit* accident and health insurance and that statements by Banner Ford's employee led them to believe they were purchasing regular disability insurance (or that they were never informed they were *not* purchasing regular disability insurance), no ambiguity exists in the language set forth above that the coverage purchased was *credit* accident and health insurance. Appellees do not allege they were prevented by any of the appellants from reading the contract they signed, see *Delta Chevrolet v. Wells*, 187 Ga. App. 694, 695 (1) (371 SE2d 250) (1988), nor does the record indicate that any relationship other than an arms-length business relationship existed between appellees and appellants. Compare OCGA § 23-2-58; *Heidt v. Potamkin Chrysler-Plymouth*, 181 Ga. App. 903, 904-905 (354 SE2d 440) (1987). " ' "(I)n the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. [Cit.]" [Cit.]' [Cit.]" *Carr v. Nodvin*, 178 Ga. App. 228, 233 (4) (342 SE2d 698) (1986). See also *Delta Chevrolet*, supra.

As to appellees' FBPA claim, " '(a) claimant who alleges the FBPA was violated as the result of a misrepresentation must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation. Therefore, under (OCGA § 10-1-399) when the alleged violation of the FBPA is a misrepresentation, the claimant is not entitled to recover if he had an equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so. [Cit.]' [Cit.] ' "The FBPA is no panacea for the congenital ills of the marketplace. . . ." [Cit.] The Act does not instantly convert every alleged breach of contract into a violation of the FBPA.' [Cit.] From our conclusion that the appellees alleged no artifice or fraud which would have prevented them from reading the [contract] prior to signing [it], it necessarily follows that they have alleged no misrepresentations which would give rise to a cause of action for damages for violation of the FBPA." *Delta Chevrolet*, supra at 696 (2). The cases cited by appellees for the proposition that coverage cannot be excluded when the policy is not timely delivered pursuant to OCGA § 33-31-7 (c), see *Robinson v. Volunteer &c. Ins. Co.*, 175 Ga. App. 292, 294 (333 SE2d 171) (1985); *Investor's Nat. Life Ins. Co. v. Norsworthy*, 160 Ga. App. 340, 341 (287 SE2d 66) (1981), are not applicable here where coverage was denied not because the insureds' claims were specifically excepted from the general coverage provided by the policy but because the policy purchased provides an entirely different type of general coverage.

Therefore, the trial court erred by denying appellants' motion for summary judgment on appellees' claims based on the nature of the coverage provided by the policy. See *Delta Chevrolet*, supra.

(b) Appellees allege that they are entitled to recover damages because appellants fraudulently misrepresented to them (and also violated the FBPA by telling them) that if appellees did not purchase the recommended insurance, they would not be able to purchase the automobile. In their complaint, appellees stated that at the time they entered into the contract "they were advised by [appellant Banner Ford] that although they were not required by law to purchase certain insurance referenced in the Contract, as a practical matter they would probably not be approved for the loan unless the insurance was purchased." Thus, appellees have admitted that they knew they were under no legal obligation to purchase the insurance. Credit insurance covering a debtor's life and health are legally recognized forms of insurance, OCGA § 33-31-1 et seq., and creditors have an interest in their debtors which can be insured by means of such insurance. See *Vulcan Life &c. Ins. Co. v. United Banking Co.*, 118 Ga. App. 36 (2) (162 SE2d 798) (1968). Appellees cite no authority under which appellants were legally required to extend credit to appellees upon appellees' refusal to purchase the credit insurance appellants deemed

necessary to insure their loan. Nor have appellees produced any evidence of record that the statement made to them by Banner Ford as to the "practical" and "probable" result of their nonpurchase of the insurance, i.e., disapproval of the loan, was false or inaccurate in any manner. Although the alleged statement, construing the inferences in appellees' favor, might have intimated that appellees would not get loan approval unless they purchased the credit insurance offered by *appellants*, the contract provided in capital letters in the insurance block that "you may choose the person through which this insurance is . . . obtained."

"Essential elements of proof in an action for fraud in Georgia include a false representation by the defendant on which the plaintiff relied. [Cit.] The proof offered by [appellees] in this case did not make such a showing." *Gilder v. Davis*, 187 Ga. App. 462 (370 SE2d 650) (1988). Even if the statement meant appellees had to purchase appellants' credit insurance, such a statement, though unfair, was not shown to be a misrepresentation of the truth to constitute fraud, and although, as violative of OCGA § 33-31-11, it might constitute an unfair business practice in violation of the FBPA, appellees had " 'equal and ample opportunity to ascertain the truth but failed to exercise proper diligence to do so,' " *Delta Chevrolet*, supra at 696 (2), and thus under that case and the cases cited above appellees cannot sustain this claim.

Therefore, the trial court erred by denying appellants' motion for summary judgment insofar as appellees' claim based on the necessity of the purchase of the insurance is concerned.

(c) Appellees do not allege appellants actively misrepresented to them that both appellees were covered by the policy. Rather, appellees assert that the failure to inform appellees that the "I" in the credit disability insurance section of the contract referred solely to Mr. Whitley so that coverage on the credit disability insurance was limited to him amounted to fraud and a violation of the FBPA because appellants' action constituted concealment of the intrinsic quality of the insurance policy.

"Concealment of material facts may amount to fraud when direct inquiry is made, and the truth evaded, or where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover. [Cit.]" *Southern v. Floyd*, 89 Ga. App. 602 (2) (80 SE2d 490) (1954); see also *Woodall v. Orkin Exterminating Co.*, 175 Ga. App. 83, 84 (332 SE2d 173) (1985). We agree entirely with appellees' argument that an ambiguity exists on the face of the contract they executed, since the contract does not reflect *who* was covered by the credit disability insurance and, both appellees being purchasers of the automobile, the "I" referenced in the insurance block cannot be said to refer exclusively to

either appellee. However, even assuming, arguendo, that such an ambiguity could amount to a concealed material fact in that appellees did not know that appellants, in reliance on the master copy of the policy, would claim the credit disability coverage was limited to Mr. Whitley, the record is uncontroverted that appellees made no inquiries about this apparent ambiguity nor took any action whatsoever to clarify the matter at the time they read and executed the contract in an arms-length business transaction. See *Nicholson v. Harris*, 179 Ga. App. 35, 37 (3) (345 SE2d 63) (1986). While the fact that appellees did not have access to the master copy of the insurance policy until after the loss occurred might arguably constitute a contractual defense to the applicability of the provision, see *Norsworthy*, supra; see also *Allstate Ins. Co. v. Reynolds*, 138 Ga. App. 582, 584-585 (2) (227 SE2d 77) (1976), the absence of the master copy did not prevent appellees from exercising proper diligence at the time they executed the contract by inquiring into the contractual ambiguity.

Although questions of fraud, the truth and materiality of representations made by a seller, and whether the buyer could have protected himself by the exercise of proper diligence are usually questions for the jury, except in plain and indisputable cases, see *Del Mazo v. Sanchez*, 186 Ga. App. 120, 127-128 (366 SE2d 333) (1988), in the absence of any special relationship of trust or other unusual circumstances shown by the evidence of record which would have prevented or excused appellees of their duty to exercise ordinary diligence, the trial court erred by denying appellants' motion for summary judgment on this point both as to fraud, *Nicholson*, supra, and as to the FBPA. See *Delta Chevrolet*, supra at 696 (2).

2. Appellees alleged in their complaint that they purchased mechanical breakdown coverage and included in their prayer for relief that they recover from appellants the amount of the loss sustained on the automobile under this coverage. The record contains the "Ford Extended Service Plan" signed by Mr. Whitley which indicates that the coverage was provided by Ford Motor Company. The plan provides that it is a service contract and specifically excluded "[r]epairs needed because of damage . . . from . . . accident(s) . . . ." Assuming, arguendo, that appellees could assert their cause of action against Banner Ford, the plain and unambiguous language of the contract bars appellees from collecting collision damages. Appellants were thus entitled to summary judgment on this issue as well. See generally *First Capital &c. v. Pennington*, 186 Ga. App. 617, 619 (368 SE2d 165) (1988).

*Judgments reversed. Carley, C. J., and Deen, P. J., concur.*

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 21, 1989 —

*Arnold & Hopkins, Alton H. Hopkins*, for appellant (case no. 77110).

*Wildman, Harrold, Allen, Dixon & Branch, Alfred B. Adams III, Laura E. Stevenson*, for appellant (case no. 77111).

*Hansell & Post, W. Rhett Tanner, Michael J. Templeman, David P. Baum*, for appellant (case no. 77112).

*Ford & Haley, James L. Ford, David C. Cole*, for appellees.