A89A0274. ROTH et al. v. McDANIEL ENTERPRISES, INC.

(383 SE2d 569)

BIRDSONG, Judge.

Appellants, Pamela and Gregory Roth, bring this appeal from the grant of summary judgment on their counterclaim against their landlord, McDaniel Enterprises, Inc., who filed a dispossessory warrant against them. The Roths purchased a mobile home from Bestin Homes, Inc.; the home was located in the mobile home park owned by McDaniel Enterprises, Inc. Pamela Roth signed a copy of the mobile

home park's rules and regulations which forbid "[i]mproper conduct and excessive noise, proving disturbing and objectionable to your neighbors. . . ." Mrs. William H. Millican, the resident manager of the mobile home park, gave four written notices to the Roths that they were in continued violation of the park's rules and regulations, and that if such conduct continued they would be asked to move. Appellee contends the Roth children again violated the regulations and she filed a dispossessory warrant in the Gwinnett Magistrate's Court. Appellants filed an answer and a counterclaim alleging a conspiracy and fraud between the mobile home park and the seller of the mobile home. Because of the amount claimed in the counterclaim, this action was transferred to the Gwinnett State Court. The state court granted appellee's motion for summary judgment on appellants' counterclaim and they appeal. *Held:*

1. Appellants enumerate but one error, i.e., that the judgment of the trial court "granting Summary Judgment, dismissing appellants' counterclaims, is contrary to law."

Nothing else being argued, we take this to mean that the grant was contrary to the law of summary judgments in that there were issues of fact remaining. Appellants' counterclaim was "based upon fraud, misrepresentation, improper and wrongful inducement, concealment and failure to disclose . . . illegal and wrongful trespass . . . frivolous and groundless defensive pleadings . . . and . . . upon unreasonable and abusive litigation." The basis for such claims was explored in the depositions. For example, even though Mrs. Roth signed a document with the mobile home park in which she was notified that she would be paying "rent for $90.00 per month," that if they sold their mobile home the new buyer would not be permitted to remain in the park without approval, that rentals of the mobile home were not allowed, that they could have no more than two cars, and that "[i]mproper conduct and excessive noise, proving disturbing and objectionable to your neighbors, *WILL NOT BE TOLERATED*," Mr. Roth was nevertheless of the opinion he had purchased the land where he parked his mobile home, and asserts that an issue of fact exists as to this, as "fraud."

The lease agreement, just quoted, is clear. Moreover, the resident manager and an officer of McDaniel Enterprises in affidavits stated that there was no agreement or conspiracy between the mobile home park and Bestin Homes, and that the only money received from Bestin was rent for their mobile homes parked. Appellee's affidavits established a prima facie entitlement to judgment. With the evidence in this posture, the burden shifted to the appellants in counterclaim, to come forward with rebuttal evidence or suffer judgment. *Bright v. Knecht*, 182 Ga. App. 820, 821 (357 SE2d 159); accord *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357). The appellants made only

general allegations of impropriety, however, and these were directly rebutted by testimony of one of the parties. This testimony is therefore sufficient to win summary judgment. See *National Property Owners Ins. Co. v. Wells*, 166 Ga. App. 281, 283 (304 SE2d 458). We find no error in the grant of the motion for summary judgment against appellants' counterclaim. "The summary judgment law does not require the defendant to show that no issue of fact remains, but rather tha[t] no genuine issue of material fact remains [cits.]; and while there may be some 'shadowy semblance of an issue' [cit.], the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion." *McCray v. Hunter*, 157 Ga. App. 509, 511-512 (277 SE2d 795). Because of appellants' failure to show evidence supporting their general allegation of fraud, no *genuine* issue of material fact is raised.

2. Appellants attempt to enlarge their single enumeration of error by arguing lack of jurisdiction of the plaintiff's action for failure of personal service. Although this issue was asserted in the answer of appellants, it was not raised below in any form calling for a ruling and is not included in the single error enumerated. Therefore, we will not consider it on appeal. See *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (275 SE2d 142); *Hurston v. Ga. Farm &c. Ins. Co.*, 148 Ga. App. 324, 326 (2) (250 SE2d 886); *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (239 SE2d 686).

3. Likewise, the argument that the plaintiff is properly named "McDaniel Enterprises" and not "McDaniel Enterprises, Inc." was not raised to the court below, and is not properly before us.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 22, 1989 —
REHEARING DENIED JUNE 21, 1989 —

*Phillip N. Lavender*, for appellants.
*Bauer, Deitch & Raines, John A. Bender, Jr., George B. Ference, Thomas E. Raines*, for appellee.