A89A1677. DUNLAP v. FIRST ROCK CREDIT CORPORATION.
(390 SE2d 919)

BEASLEY, Judge.

Defendant Dunlap appeals the grant of summary judgment to First Rock Credit, which sued on two promissory notes signed by Dunlap, one for $45,352 and one for $61,060, both dated December 31, 1985. First Rock Credit Corporation is a wholly owned subsidiary of First Rock Financial Corporation. First Rock Financial Corporation and First Rock Associates I Limited Partnership offered for sale in Georgia a tax shelter security known as "FR Equipment Leasing Trust 85-4," which had a closing date of December 31, 1985.

Dunlap met Doug Bowers in 1985. Bowers was an independent insurance agent who participated in providing insurance for Dunlap's company employees. Dunlap consulted Bowers about other investments and paid $2,000 for this advice in May 1985. In December, Dunlap expressed interest in a private placement investment and Bowers introduced him to Ronald Verlander, a licensed registered representative of Investacorp., a securities broker-dealer. Bowers and Verlander met with Dunlap more than once in December. Verlander gave him a copy of the private placement memorandum for the Trust.

Verlander presented to Dunlap the First Rock Credit Corporation Promissory Notes, Credit Agreement and other documents necessary for the purchase of four units in the Trust, which Dunlap signed and returned with his check of December 17, payable to the "Trust."

On the memo line of the check is written "Subscription for LTD. Partnership." Dunlap made only one payment on the notes.

Dunlap's answer and counterclaim both alleged fraud in the inducement, claiming that Bowers was acting as an agent of First Rock Credit Corporation and that he misrepresented to Dunlap the nature of the investment and also falsely represented that he was licensed to sell securities in Georgia. Dunlap alleged that he was presented with a set of documents representing the investment as a limited partnership instead of a trust, although no copies of this alleged first set of documents are included in the record.

1. The second enumeration claims reversible error because the court granted summary judgment without considering the depositions of Condo, Dunlap, and Hammond. Although Dunlap contends that the depositions remained sealed until after the order was entered, there is no evidence of this. Allegations made in briefs but unsupported by the record will not be considered. *Blue v. R. L. Glossom Contracting*, 173 Ga. App. 622, 623 (1) (327 SE2d 582) (1985).

Even if they had remained sealed, "[i]f a trial court indicates in his order granting a motion for summary judgment that the motion is being granted after a review of the record, this court will not hold that he failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered." *General Motors v. Walker*, 244 Ga. 191, 193 (259 SE2d 449) (1979); *Bailey v. Johnson*, 245 Ga. 823, 829 (6) (268 SE2d 147) (1980); *Light v. Equitable Mtg. &c.*, 191 Ga. App. 816, 817 (1) (383 SE2d 142) (1989); compare *Maddox v. Brown*, 188 Ga. App. 728 (374 SE2d 222) (1988). The order recites that it was issued "[a]fter carefully considering the arguments presented by counsel . . . and after reviewing all matters of record. . . ."

2. The court granted summary judgment on two bases, either of which suffices. Dunlap contends that Bowers presented him initially with a limited partnership private placement memorandum instead of one relating to a trust. Verlander was present. Assuming that there was a difference in the initial presentation to Dunlap and the documents he signed, First Rock Credit was still entitled to summary judgment.

First Rock Credit Corporation was not a party to the underlying private placement memorandum which Dunlap claims was misrepresented or switched on him. It only provided the financing for Dunlap to participate in the investment. The promissory notes sued upon make no reference to the purpose for which the money was loaned.

In addition, the signed documents were clearly marked and defined by their terms as a trust, not a limited partnership. Dunlap's accountant said there were no differences in the tax benefits offered

by the partnership and the trust; the accounting records and proof were only treated differently in the event of an audit.

"A party to a contract who can read, must read or show a legal excuse for not doing so, and ordinarily if fraud is an excuse, it must be such fraud as would prevent the party from reading the contract. [Cit.] One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relationship or trust or confidence exists. [Cit.]. . . . 'Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud.' " *Life Ins. Co. of Va. v. Conley*, 181 Ga. App. 152, 153 (351 SE2d 498) (1986); *Credithrift &c. v. Whitley*, 190 Ga. App. 833, 834 (1) (380 SE2d 489) (1989); *Moran v. NAV Svcs.*, 189 Ga. App. 825, 827 (3) (377 SE2d 909) (1989); *Delta Chevrolet v. Wells*, 187 Ga. App. 694, 695 (1) (371 SE2d 250) (1988); *Barnes v. Levenstein*, 160 Ga. App. 115, 116 (286 SE2d 345) (1981).

Bowers' affidavit denied that he had ever been an agent of First Rock Credit or that he had ever represented the company in any capacity. "Denial of an agency relationship by a purported party to that relationship is admissible as a statement of fact, rather than a mere conclusion of law. [Cits.] Such a denial pierces the pleadings and is sufficient to support a motion for summary judgment. [Cits.]" *Georgia Mut. Ins. Co. v. Mims*, 187 Ga. App. 783 (1) (371 SE2d 426) (1988); *Nat. Property Owners Ins. Co. v. Wells*, 166 Ga. App. 281, 282 (2) (304 SE2d 458) (1983).

Dunlap's counter evidence at best shows a dual agency. Dunlap was paying Bowers for financial advice, making him his agent. Dunlap said Bowers denied being an employee of any of the First Rock corporations, at most saying he represented the company issuing the security (which was not First Rock Credit) in the same way in which insurance agents represent companies whose policies they sell. *European Bakers v. Holman*, 177 Ga. App. 172, 173 (2) (338 SE2d 702) (1985).

The other factual disputes offered to defeat summary judgment are not material. " 'The summary judgment law does not require the [movant] to show that no issue of fact remains, but rather tha(t) no genuine issue of material fact remains (cits.); and while there may be some "shadowy semblance of an issue" (cit.), the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion.' [Cit.] Because of appellant['s] failure to show evidence supporting their general allegation of fraud, no *genuine* issue of material fact is raised." *Roth v. McDaniel Enterprises*, 192 Ga. App. 16, 18 (1) (383 SE2d 569) (1989).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 20, 1990.

*Nancy H. Murphy*, for appellant.
*Hurt, Richardson, Garner, Todd & Cadenhead, Henry D. Fellows, Jr., Martha M. Glisson*, for appellee.